AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

United States Securities and Exchange Commission
*Plaintiff*
v.
Adam S. Kaplan and Daniel E. Kaplan
*Defendant*

Civil Action No. 23-CV-1648 JMA-ARL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cadwalader, Wickersham & Taft, LLP, 200 Liberty Street, New York, NY 10281

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

PLEASE SEE SCHEDULE A

| Place: Law Office of Daniel L. Abrams, PLLC<br>1250 Broadway, 36th Floor, New York, NY 10001 | Date and Time:<br>08/15/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/26/2023

*CLERK OF COURT*

OR

_____          /s/ Daniel Abrams
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Adam Kaplan and Daniel Kaplan , who issues or requests this subpoena, are:

Daniel L. Abrams, dan@lawyerquality.com, 646 821 4575

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-CV-1648 JMA-ARL

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                                                                                          *Server's signature*

                                                                                          *Printed name and title*

                                                                                          *Server's address*

Additional information regarding attempted service, etc.:

Case 2:23-cr-00293-JMA-JMW   Document 16-1   Filed 08/03/23   Page 3 of 7 PageID #: 54

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

### DEFINITIONS

1. All definitions and rules of construction set forth in E.D.N.Y. Local Civil Rule 26.3(c) and (d) are incorporated herein.

2. The term "IHT," means IHT Wealth Management, LLC, as well as any person acting or purporting to act on behalf of IHT.

3. The term "Kaplans" means Adam S. Kaplan and Daniel E. Kaplan.

4. The term "Kaplan Clients" means all clients for whom Adam S. Kaplan or Daniel E. Kaplan, or both, acted as investment advisers during the Kaplans' association with IHT.

5. The term "DOJ" means the United States Department of Justice and any and all of its constituent prosecuting offices, including United States Attorney's Offices, and any and all of its constituent law enforcement agencies, including the Federal Bureau of Investigation.

6. The term "Person" means any natural person, corporate entity, sole proprietorship, partnership, association, governmental entity, or trust.

7. The term "SEC" means the United States Securities and Exchange Commission and any of its employees, contractors, or representatives.

### INSTRUCTIONS

In addition to the applicable requirements set forth in the Federal Rules of Civil Procedure and in the E.D.N.Y. Local Civil Rules, the following instructions apply to each of the document requests set forth herein:

1. Unless otherwise indicated, these Requests cover any and all documents generated, prepared, created, sent, or received during the period of August 13, 2021 to the present.

2. Documents requested are those in actual or constructive possession, custody, or control of You or Your representatives, attorneys, or other agents including, without limitation, Your consultants, Your accountants, and Your lawyers, or any other Persons retained, consulted by, or working on behalf or under the direction of You, wherever they may be located.

3. Mark each page of each document with consecutive Bates numbers.

4. If You object to any part of a Request, set forth the basis for your objection and respond to all parts of the Request to which You do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which You intend to rely in response to any motion to compel..

5. To bring within the scope of these topics all information that might otherwise be construed to be outside of their scope, the following additional instructions apply: (i) the masculine, feminine, or neuter pronouns shall not exclude other genders; (ii) the words "include" or "including" mean include or including without limitation; (iii) the present tense shall be construed to include the past tense and vice versa; and (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

6. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents or redacting or withholding any responsive document. If You are withholding responsive information pursuant to any general objection, you should so expressly indicate. If, in responding to any Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, set forth as part of Your response the language You

contend to be ambiguous and the interpretation used in responding to the Request, and produce all documents that are responsive to the Request as you interpret it.

**REQUESTS FOR PRODUCTION**

1. The entire Kaplans' File, including without limitation all documents encompassing the client file as that term is understood under the prevailing case law, including *Sage Realty v. Proskauer Rose, LLP,* 91 N.Y.2d 30 (1997) and its progeny.

2. To the extent not produced in response to Paragraph 1:

    a. All Documents Cadwalader withheld from producing to the SEC, for whatever reason.

    b. All work product related to Cadwalader's decisions to withhold or not withhold documents from the SEC.

    c. All Documents between any Cadwalader attorney and any third party Concerning the Kaplans, including without limitation anybody with the SEC, DOJ or any United States Attorneys Office, FINRA any other governmental and/or investigatory agency, or IHT or its counsel.

    d. All Documents Concerning all Communications with SEC counsel, the U.S. Attorney's Office, and IHT's counsel including without limitation notes, presentation material and/or related work product with respect to CWT's June 28, 2022 presentation to the SEC and November 7, 2022 call with the SEC.

    e. All Documents concerning CWT's notes from or other work product generated from meetings or phone calls with any of the Kaplans' former clients or any other individuals for whom CWT discussed the Kaplans.

3

      f.    All Documents Concerning work product which was generated by CWT which relates to any of the documents which are requested herein.