UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

ADAM KAPLAN and DANIEL KAPLAN,

                              Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CR-293 (JMA) (JMW)

**FILED**
**CLERK**
11:24 am, Oct 31, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Currently pending before the Court are Defendants' objections to Magistrate Judge Wicks' September 5, 2023 Order ("Judge Wicks' Order") that denied Defendants' August 3, 2023 motion to compel without prejudice. See United States v. Kaplan, No. 23-CR-293, 2023 WL 5718901 (E.D.N.Y. Sept. 5, 2023). The Court assumes familiarity with Judge Wicks' Order and the procedural history of this criminal case, the SEC Action, and the State Court Action.[1] As explained below, the Court overrules Defendants' objections and affirms Judge Wicks' denial of the motion to compel.

**A. Subsequent Procedural History.**

Since Judge Wicks' Order was issued in September, there have been additional developments in the SEC Action. On September 7, 2023, the United States filed a motion to intervene and stay the SEC Action until the conclusion of the instant criminal proceedings. The Court temporarily stayed the SEC Action until the Government's motion to stay was fully briefed and decided. Earlier today, the Court granted the Government's request and stayed the SEC Action until the conclusion of this criminal case.[2]

---

[1] The instant Order adopts all the same defined terms that were used in Judge Wicks' Order.

[2] Prior to Judge Wicks issuing his decision, Defendants served a renewed subpoena on Cadwalader in the SEC Action seeking the Cadwalader File. In its October 4, 2023 filing, Cadwalader informed the Court that it served objections to this renewed subpoena and that Defendants subsequently took no further steps pursue that matter in the SEC Action. See ECF No. 35.

While the developments in the SEC Action have altered the procedural landscape to some extent, apparently nothing has changed in the State Court Action—where Defendants have never moved for any preliminary relief to obtain the Cadwalader File.

**B. Discussion**

Defendants have objected to Judge Wicks' Order pursuant to Federal Rule of Criminal Procedure 59(a). Under Rule 59(a), the Court must "modify or set aside any part of the [magistrate judge's] order that is contrary to law or clearly erroneous."[3] Fed. R. Crim. P. 59(a).

Judge Wicks' Order first addressed whether there is a valid jurisdictional basis to compel Cadwalader to produce the Cadwalader File. Judge Wicks also determined that even if there was a valid jurisdictional basis to compel production of the Cadwalader File, Defendants did not establish, under Pomerantz v. Chandler, 704 F.2d 681 (2d Cir. 1983), that they are entitled to it.

Judge Wicks found that extraordinary circumstances warranting relief under the All Writs Act are absent here, stressing, inter alia, that Defendants had an alternative remedy in state court and that Defendants' criminal trial had not even been scheduled yet. The Court notes that there is significant overlap between Judge Wicks' analysis of this "jurisdictional" issue and Judge Wicks' determination that Defendants' motion also fails on the merits under Pomerantz. For example, Judge Wicks also relied on the availability of an alternative state court remedy in finding that Defendants failed, under Pomerantz, to establish that denial of the motion to compel would deny them access to the file and prejudice them.

Given all the circumstances here, the Court agrees with Judge Wicks' analysis and overrules Defendants' objections. Defendants' arguments concerning Pomerantz and their Fifth Amendment rights merit a brief discussion.

---

[3] While the Defendants' objections were untimely by a few hours, the Court will still entertain those objections on the merits.

2

As Judge Wicks correctly concluded, even if there was a valid jurisdictional basis to compel production of the Cadwalader File, Defendants' motion would still fail, on the merits, under Pomerantz. The Pomerantz framework controls here and is applicable even after a defendant has been indicted. In applying Pomerantz, the Court has considered—in the context of this specific case—the potential impact of Cadwalader's retaining lien on Defendants' constitutional rights, including their rights under the Fifth and Sixth Amendments.

Even assuming arguendo that this criminal proceeding is the most appropriate forum to litigate the propriety of the retaining lien, and that Defendants could meet Pomerantz's other requirements—namely, particularized need and prejudice— denial of Defendants' motion would still be warranted. As Judge Wicks explained, Defendants' claim also fails on Pomerantz's 'inability to pay legal fees or post a bond' factor." Kaplan, 2023 WL 5718901, at *9.

Defendants insist that they should not be required to meet this requirement because disclosure of their financial circumstances would implicate their Fifth Amendment right against self-incrimination. According to Defendants, this concern is legitimate because they are charged with financial fraud, and the Government asserts the $5 million at issue has not been accounted for. The Court is not persuaded.

First, Pomerantz stresses that defendants must show that they "lack[] the means to pay the lawyer's fee."[4] Pomerantz, 704 F.2d at 683.

Second, there were other avenues to address Defendants' purported Fifth Amendment concerns that they never pursued. Defendants could have offered to submit affidavits concerning their finances under seal for the Court to review in camera. Defendants also could have asked the

---

[4] Defendants cite United States v. Victor Teicher & Co., L.P., No. 88-CR-796, 1990 WL 71487, at *4 (S.D.N.Y. May 24, 1990) for the proposition that inability to pay is irrelevant once a defendant has been indicted. In Victor Teicher, the court ordered prior counsel, who had represented the defendant at trial, to turn over its files to defendant's new counsel without any discussion of the defendant's ability to pay. Victor Teicher, however, did even discuss Pomerantz, which the Court finds to be controlling.

3

Court to rule, prior to the submission of financial affidavits, that the Government be precluded from using such filings to prove Defendants' guilt at trial. Defendants never pursued either of these options.

In addressing this element, Judge Wicks also appropriately considered the other options offered by Cadwalader to address the retaining lien. This included Cadwalader's willingness to accept a bond from Defendants' parents who previously posted a combined $5,000,000 bond for Defendants secured by two pieces of property. The Court also notes that Defendants are currently represented by private retained counsel in both the criminal case and the SEC Action. These points are relevant. In any event, even if the Court were to completely disregard them, as explained above, there were multiple avenues Defendants could have pursued to address both <u>Pomerantz</u>'s ability to pay element and their purported concerns about self-incrimination. Defendants' failure to meet this element of <u>Pomerantz</u> is, standing alone, fatal to their motion.

## C. <u>Conclusion.</u>

Defendants' objections are overruled, and the Court affirms Judge Wicks' denial of their motion to compel.

**SO ORDERED.**

Dated: October 31, 2023
Central Islip, New York

                                                               /s/   (JMA)
                                                               JOAN M. AZRACK
                                                               UNITED STATES DISTRICT JUDGE