UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                                                 :

UNITED STATES OF AMERICA,        :        Index No. 23-CR-293 (JMA) (JMW)

v.                                                           :

ADAM KAPLAN and                  :        **DECLARATION IN SUPPORT OF**
DANIEL KAPLAN,                      :        **MOTION TO COMPEL COMPLIANCE**
                                                            :        **WITH SUBPOENA DUCES TECUM**
Defendants                          :        **ISSUED UNDER FED. R. CRIM. P. 17(c)**
                                                            :
--------------------------------------------------------x

     I, ERIC M. CREIZMAN, hereby declare the following under penalty of perjury pursuant to |28 U.S.C. § 1746:

     1.     I am an attorney licensed to practice in the courts of the State of New York and before this Court. I am a partner of the law firm of Morrison Cohen LLP, and I represent Adam Kaplan in the above-captioned matter.

     2.     I respectfully submit this declaration in support of Mr. Kaplan's motion to compel IHT Wealth Management, LLC ("IHT") to comply with a subpoena *duces tecum* returnable before trial under Fed. R. Crim. P. 17(c) of the Federal Rules of Criminal Procedure, and to require IHT to show cause why it should not be held in contempt under Fed. R. Crim. P. 17(g) for willfully disobeying a subpoena issued by the Court without adequate excuse.

     3.     On January 29, 2024, IHT was served with a subpoena *duces tecum* issued by Adam Kaplan under Rule 17(c). A true and correct copy of the Subpoena is annexed hereto as Exhibit A. A true and correct copy of the affidavit of service is annexed hereto as Exhibit B.

     4.     The Subpoena was authorized by the Court upon Mr. Kaplan's *ex parte* motion and accompanying papers demonstrated that the Subpoena's requests satisfy the standards under

United States v. Nixon, 418 U.S. 683, 699–700 (1974). *See United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995) (applications for pretrial subpoenas under Fed. R. Crim. P. 17(c) should be made *ex parte* because the movant may have to detail its trial strategy or witness list to convince a court that the requisite elements exist for the issuance of such a subpoena); *United States v. Weissman*, 2002 WL 1467845 (S.D.N.Y. July 8, 2002) (allowing "ex parte applications where a party can demonstrate that it would be required to prematurely disclose its trial strategy, witness list, or other privileged information in its application.").

5. IHT has failed to comply with the Subpoena in any manner, and has not filed any motion with this court to quash or modify the terms of the Subpoena on or before the return date of the Subpoena, March 18, 2024. *See* Fed. R. Crim. P. 17(c)(2) (requiring a motion to quash or modify the subpoena to be made "promptly").

6. Because IHT failed to move to quash or modify the Subpoena, IHT has waived any and all objections it may have had to the Subpoena. *See, e.g., United States v. Lipshitz*. 18 F.R.D. 102, 104 (E.D.N.Y. 1955).

7. Under Fed. R. Crim. P. 17(g), a court "may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district." Not only did IHT fail to move to quash or modify the subpoena, it also did not even attempt to contact counsel for Mr. Kaplan before or on the Subpoena's return date.

8. To ensure that IHT had not complied or timely moved to quash or modify the Subpoena because it somehow did not receive the Subpoena, I emailed Scott D. Smith, Esq., of Henneman Rau Kirklin & Smith LLP at 11:30 p.m. on March 18, 2024. In that email, I asked Mr. Smith, "Is IHT really not going to produce any documents in response to the subpoena, without even trying to meet and confer, let alone moving to quash?"

9. Mr. Smith responded by email a little over an hour later, at 12:37 a.m. on March 19, 2024, as follows: "Sorry, but I've been in trial the past couple of weeks and I'm currently in Orlando for the SIFMA conference. I'll contact you tomorrow to discuss."

10. As of 12:30 p.m. on March 20, 2024, about 36 hours since Mr. Smith responded to my email, I have not been contacted by Mr. Smith.

I. Conclusion

11. For all the foregoing reasons, we respectfully request that the Court order IHT to comply fully and promptly with the Subpoena. In addition, we ask that IHT be ordered to show cause why it should not be held in contempt under Fed. R. Crim. P. 17(g) for willfully disobeying a subpoena ordered by the Court.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and ability.

Dated: New York, New York /s/ Eric M. Creizman
March 20, 2024 Eric M. Creizman