# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> ADAM KAPLAN and § <br> DANIEL KAPLAN, § <br> § <br> *Defendants*. § | Index No. 23-CR-293 (JMA) (JMW) |

---

## NON-PARTY IHT WEALTH MANAGEMENT, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT ADAM KAPLAN'S SUBPOENA *DUCES TECUM* PURSUANT TO FED. R. CRIM. P. 17(c)

---

Non-Party, IHT Wealth Management, LLC ("IHT"), by and through its attorneys, pursuant to FED. R. CRIM. P. 17(c), hereby submits its responses and objections to Defendant Adam Kaplan's Subpoena *Duces Tecum*.

Dated: May 15, 2024

                                                Respectfully submitted,

                                                **HENNEMAN RAU KIRKLIN & SMITH LLP**

                                                By:  */s/ Scott D. Smith*
                                                         Scott D. Smith (SS4727)
                                                         Federal I.D. No. 2237469
                                                         815 Walker Street, Suite 1440
                                                         Houston, Texas 77002
                                                         Telephone: (713) 955-6030
                                                         Facsimile: (713) 955-6141
                                                         E-Mail: sdsmith@hrkslaw.com

                                                **ATTORNEYS FOR NON-PARTY**
                                                **IHT WEALTH MANAGEMENT, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, *Non-Party IHT Wealth Management, LLC's Responses and Objections to Defendants' Subpoena Duces Tecum Pursuant to FED. R. CRIM. P. 17(c)*, was served on Defendant Adam Kaplan's counsel of record, as well as Defendant Daniel Kaplan's counsel of record, on May 15, 2024, as follows:

| | |
|---|---|
| Eric M. Creizman<br>Morrison Cohen LLP<br>909 Third Avenue, 27th Floor<br>New York, New York 10022<br>Telephone: (212) 735-8640<br>Facsimile: (917) 522-9951<br>Email: ecreizman@morrisoncohen.com<br><br>**Counsel for Defendant**<br>**Adam Kaplan** | *Via Email: ecreizman@morrisoncohen.com* |
| Michael Tremonte<br>Sher Tremonte LLP<br>90 Broad Street, 23rd Floor<br>New York, New York 10004<br>Telephone: (212) 202-2600<br>Facsimile: (212) 202-4156<br>Email: mtremonte@shertremonte.com<br><br>**Counsel for Defendant**<br>**Daniel Kaplan** | *Via Email: mtremonte@shertremonte.com* |

                                                                            */s/ Scott D. Smith*

# GENERAL OBJECTIONS

1.  IHT objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Criminal Procedure and the applicable Rules and Orders of the Court.

2.  IHT objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.  IHT objects to each document request to the extent that it calls for production of a privilege log for internal documents of IHT. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine and other privileges protecting such internal documents from discovery.

4.  IHT objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by IHT occur, it is inadvertent and shall not constitute a waiver of any privilege.

5.  IHT objects to each instruction, definition, and document request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, custody, and control. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendant(s) as for IHT. This objection encompasses, but is not limited to, documents previously produced by IHT to either the United States Securities and Exchange Commission and/or the United States Department of Justice.

6.  Defendant's document requests call for the production of documents and/or

information that were produced to IHT by other entities or individuals and that may contain confidential, proprietary, or trade secret information.

7. IHT incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, IHT does not waive its right to amend or supplement its responses.

## IHT'S RESPONSES AND OBJECTIONS TO SUBPOENA *DUCES TECUM*

1.  The Kaplans' personal property, including but not limited to desktop and laptop computers, external hard drives, electronic devices, and paper files, which were located in the PRB Office as of July 16, 2021.

**RESPONSE:** IHT objects to this Request as it is duplicative of Defendants' Subpoena to Non-Party PRB Wealth Management, LLC ("PRB") to Testify at a Deposition in a Civil Action, *United States Securities and Exchange Commission v. Adam S. Kaplan and Daniel E. Kaplan*, Civil Action No. 2:23-cv-01648-JMA-ARL, dated June 28, 2023 and served on PRB via the New York Department of State on or about July 28, 2023, specifically, Topic No. 3, which states as follows: "The Kaplans' personal property, including but not limited to desktop and laptop computers, external hard drives, electronic devices, and paper files, which were located in the PRB Office as of July 16, 2021." *See* Defendants' Subpoena to Testify at a Deposition in a Civil Action, attached hereto as Exhibit 1. As sworn to by Mr. Denzil Dias in his Affidavit in support of PRB's Motion to Quash[1] the Subpoena to Testify at a Deposition in a Civil Action, dated August 30, 2023, "Neither my staff nor I ever saw the Kaplans bring any of their alleged personal property into the PRB Office, including, but not limited to desktop and laptop computers, external hard drives, electronic devices, and/or paper files. Accordingly, as of July 16, 2021, none of the Kaplans' alleged personal property, including, but not limited to desktop and laptop computers, external hard drives, electronic devices, and/or paper files ever existed at the PRB Office." *See* Affidavit of Denzil Dias, dated August 30, 2023, at ¶¶ 6-7, attached hereto as Exhibit 2.

Subject to the foregoing, including the General Objections listed above, there are no

---

[1] PRB's Motion to Quash was never ruled on as the U.S. District Court for the Eastern District of New York, Hon. Joan M. Azrack presiding, granted the Government's Motion to Intervene and Motion for a Stay of the SEC Enforcement Action referenced above, and issued an Order regarding same on October 31, 2023.

responsive documents to this Request that are in IHT's possession, custody, or control.

2. The 2019 Branch Office Audit Report of IHT's New York City branch office, located at the Kaplan Office.

**RESPONSE:** A diligent search and reasonable inquiry has been made by IHT in an attempt to comply with this Request. IHT, however, has been unable to locate the 2019 Branch Office Audit Report of IHT's New York City branch office, located at the Kaplan Office ("2019 Branch Office Audit Report"). Subject to the foregoing, including the General Objections listed above, IHT will produce the 2019 Branch Office Audit Report should said Report be discovered and/or found to be in IHT's possession, custody, or control.

3. A copy of the recorded video of Steven Dudash's visit to the Kaplan Office on or about August 1, 2019 in connection with IHT's 2019 audit of its New York City branch office located at the Kaplan Office.

**RESPONSE:** *See* cover pages to the recorded video(s), bates-labeled and numbered IHT.EDNY_000001–IHT.EDNY_000003, with native files attached.

4. The 2021 Branch Office Audit Report of IHT's New York City branch office located at the PRB Office.

**RESPONSE:** *See* the 2021 Branch Office Audit Report of IHT's New York City branch office located at the PRB Office, dated June 18, 2021, bates-labeled and numbered IHT.EDNY_000004-IHT.EDNY _000010.

# STATE OF NEW YORK
## DEPARTMENT OF STATE

ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

ROBERT J. RODRIGUEZ
SECRETARY OF STATE

August 04, 2023

PRB WEALTH MANAGEMENT LLC
122 EAST 42ND STREET
SUITE 1610
NEW YORK NY 10168, USA

| | |
|---|---|
| RE: Party Served: | PRB WEALTH MANAGEMENT LLC |
| Plaintiff/Petitioner: | UNITED STATES SECURITIES AND EXCHANGE COMMISSION |
| Receipt Number: | 202308040151 |
| Date Served: | 07/28/2023 |
| Section of Law: | SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



**EXHIBIT 1**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States Securities and Exchange Commission | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-01648-JMA-ARL |
| Adam S. Kaplan and Daniel E. Kaplan | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: PRB Wealth Management, LLC, 122 E. 42nd Street, Suite #1610, New York, New York 10168

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Morrison Cohen, LLP<br>909 Third Avenue, Fl. 27<br>New York, New York 10022 | Date and Time:<br>September 5, 2023 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Stenographic, Audiovisual

☑ **Production:** You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: The following property of Adam S. Kaplan and Daniel E. Kaplan located in the offices of PRB Wealth Management, LLC as of July 16, 2021 (or forensic clones of same): (i) three Samsung 2TB external hard drives; (ii) one HP desktop computer; (iii) two Dell desktop computers; (iv) three Dell laptop computers; (v) hard copy documents stored in 12 bankers boxes and in desk drawers as of July 16, 2021.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 28, 2023

CLERK OF COURT

OR

_____                    *Eric M. Creizman*
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Adam S. Kaplan and Daniel E. Kaplan
, who issues or requests this subpoena, are:
Eric M. Creizman, Morrison Cohen, LLP, 909 Third Avenue, Fl. 27, New York, NY 10022; T: (212) 735-8640; E: ecreizman@morrisoncohen.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

4. To bring within the scope of these topics all information that might otherwise be construed to be outside of their scope, the following additional instructions apply: (i) the masculine, feminine, or neuter pronouns shall not exclude other genders; (ii) the words "include" or "including" mean include or including without limitation; (iii) the present tense shall be construed to include the past tense and vice versa; and (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

## TOPICS FOR DEPOSITION

1. Your corporate organization and structure, including the identity of any groups, divisions, or personnel involved in any activity concerning the establishment, management, maintenance, storage of property, and operations of the PRB Office.

2. The Kaplans move to, and residency in the PRB Office.

3. The Kaplans' personal property, including, but not limited to desktop and laptop computers, external hard drives, electronic devices, and paper files, located in the PRB Office as of July 16, 2021.

4. Your handling and disposition of the Kaplans' personal property, including, but not limited to desktop and laptop computers, external hard drives, electronic devices, and paper files, located in the PRB Office as of July 16, 2021.

## AFFIDAVIT OF DENZIL DIAS

STATE OF NEW YORK          §
                           §
COUNTY OF NEW YORK         §

BEFORE ME, the undersigned authority, on this day personally appeared Denzil Dias, who, upon his oath, deposed and stated the following:

1. My name is Denzil Dias. I am over 21 years of age, have never been convicted of a felony or crime involving moral turpitude, and I am fully competent to make this Affidavit. The facts stated herein are based on my personal knowledge and are true and correct.

2. Before IHT Wealth Management, LLC ("IHT") acquired the assets of PRB Wealth Management, LLC ("PRB") in or about September of 2020, I served as the Senior Vice President and Chief Operating Officer of PRB. Since the acquisition of PRB's assets by IHT was completed in or about October of 2020, I have served as a Senior Vice President at IHT.

3. During my time at IHT, I only met Adam S. Kaplan and Daniel E. Kaplan (the "Kaplans") twice. Further, throughout the year of 2020, the Kaplans only came to the PRB Office located at 122 E. 42nd Street, Suite 1610, New York, New York 10168 (the "PRB Office") three (3) times: *first*, on January 23, 2020, the Kaplans came in for a brief introductory meeting and to examine the PRB Office; *second*, according to the PRB Office logs (the "logs"), the Kaplans entered the PRB Office on Saturday, October 3, 2020, but to my knowledge, the Kaplans did not bring any items or equipment with them, or move anything in on that date; *third,* the logs

**EXHIBIT 2**

reflect that the Kaplans entered the PRB Office on Thursday, November 19, 2020. See PRB Office Logs, attached hereto as **Exhibit A**.

4. To my knowledge, the Kaplans did not bring any items or equipment into the PRB Office on any of the aforementioned dates in 2020.

5. In 2021, the Kaplans came to the PRB Office only once—on July 13, 2021—to pick up their new security identification cards. To my knowledge, however, the Kaplans did not bring any items or equipment with them to the PRB Office on this date.

6. Neither my staff nor I ever saw the Kaplans bring any of their alleged personal property into the PRB Office, including, but not limited to desktop and laptop computers, external hard drives, electronic devices, and/or paper files.

7. Accordingly, as of July 16, 2021, none of the Kaplans' alleged personal property, including, but not limited to desktop and laptop computers, external hard drives, electronic devices, and/or paper files ever existed at the PRB Office.

Further affiant sayeth not.

_____
Denzil Dias

SUBSCRIBED AND SWORN TO BEFORE ME on the 30th th day of August , 2023 to certify which witness my hand and official seal.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF NEW YORK

My commission expires: January 16, 2026

JAMIE K LIU
Notary Public - State of New York
NO. 01LI6369596
Qualified in Queens County
My Commission Expires Jan 16, 2026