UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

**ORDER**
23-cr-00293 (JMA) (JMW)

-against-

**FILED**
**CLERK**

ADAM KAPLAN and DANIEL KAPLAN,

2:08 pm, Oct 11, 2024

Defendants.

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

In late May 2024, Defendants Adam and Daniel Kaplan opposed designation of this case as "complex" for purposes of exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).  (ECF Nos. 79–80.)  For the below reasons, the Court designates this case as complex for Speedy Trial Act purposes and excludes time through December 17, 2024.

## I.      BACKGROUND

On July 18, 2023, the Government obtained a sixteen-count indictment in the instant criminal case.  (ECF No. 1.)  The Government charged Defendants with conspiracy to commit wire fraud, wire fraud, investment advisor fraud, and money laundering, in connection with an alleged scheme to defraud at least 50 victims of more than $5 million.  (See id.)  Specifically, the Government charged Defendants with perpetuating several alleged schemes, including fraudulently overbilling advisory fees, misappropriating their victims' funds in several ways, and concealing and continuing their schemes through Ponzi-style payments.  (See id.)

At a status conference on May 22, 2024, the Court scheduled trial for May 5, 2025.  (ECF No. 77.)  The Court also inquired sua sponte about designation of this case as complex for purposes of exclusion of time under the Speedy Trial Act.  (Id.)  Defendants requested permission to oppose

complex case designation in this case. (Id.) The Court granted Defendants' request, and their motion is fully briefed. (Id.)

## II.      DISCUSSION

### A.      Applicable Law

The Speedy Trial Act requires that a federal criminal trial "shall commence within seventy days" after a defendant who has pled not guilty is charged, the charging document is unsealed, or the defendant makes an initial appearance. 18 U.S.C. § 3161(c)(1). Section 3161(c)(1) "of the [Speedy Trial Act] is intended both to protect the defendant from undue delay in his or her trial and to benefit society by ensuring a quick resolution of criminal trials." United States v. Lynch, 726 F.3d 346, 352 (2d Cir. 2013) (quoting United States v. Kelly, 45 F.3d 45, 47 (2d Cir. 1995) (per curiam)).

The Speedy Trial Act provides a detailed scheme through which periods of delay attributable to specified reasons are excluded from the 70-day calculation. See 18 U.S.C. § 3161(h). Some enumerated sources of delay are automatically excluded: for instance, "delay resulting from any pretrial motion," id. § 3161(h)(1)(D), or "delay resulting from the absence or unavailability of the defendant or an essential witness," id. § 3161(h)(3)(A).

In addition, however, to provide some "flexibility," Zedner v. United States, 547 U.S. 489, 498 (2006), the Speedy Trial Act also provides—in 18 U.S.C. § 3161(h)(7)—that district courts may exclude any delay resulting from a continuance granted sua sponte or on a motion of the parties, provided that "the judge grant[s] such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A); accord United States v. Pikus, 39 F.4th 39, 52 (2d Cir. 2022). "This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs." Zedner, 547 U.S.

at 499.  Specifically, the Speedy Trial Act "requires that when a district court grants an ends-of-justice continuance, it must set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they outweigh other interests."  Id. at 506.

Among the non-exhaustive list of factors "which a judge shall consider" in determining whether the ends of justice are served by a continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).  This "complex case" exclusion is at the heart of Defendants' motion.

A district court excluding time based on complexity must "set forth the reasons why the case . . . continue[s] to be complex for purposes of the exclusion."  United States v. Gambino, 59 F.3d 356, 358 (2d Cir. 1995).  "Cases are 'complex' where they, for example, involve numerous defendants, novel legal issues, myriad claims, or many necessary witnesses."  Pikus, 39 F.4th at 53 (citing United States v. Shellef, 718 F.3d 94, 107 (2d Cir. 2013) (affirming designation of case as "complex" where a mandate from the Second Circuit for retrial of an 86-count indictment "required the government to deconstruct [its already] complex case and reassemble it into three distinct trial presentations")); Gambino, 59 F.3d at 358 (discussing "complexity" of RICO prosecution "involving hundreds of hours of video and audio tape recordings tracking the structure and criminal activities of" "one of the most notorious organized crime families in the United States"); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197–98 (2d Cir. 1989) (affirming exclusion of time on the basis of complexity where "extensive scientific evidence and thousands of documents" were used to prosecute "eight defendants [on] 470 counts, requiring proof of more than 2,500 separate offenses at [the three-month] trial," which commenced one year after arraignments)).

Because the Speedy Trial Act was designed "to protect a defendant's right to a speedy trial" and "with the public interest firmly in mind," the Supreme Court has noted that the Court's findings for why granting a continuance would serve the ends of justice "must be put on the record by the time a district court rules on a defendant's motion to dismiss under [the Speedy Trial Act]."[1] Zedner v. United States, 547 U.S. 489, 501, 507 (2006); see also United States v. Tunnessen, 763 F.2d 74, 78 (2d Cir. 1985) ("[T]he decision to grant an ends-of-justice continuance [must] be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period."). Also, a motion for a continuance under § 3161(h)(7) may be granted "at the request of the defendant or his counsel," 18 U.S.C. § 3161(h)(7)(A) (emphasis added), which indicates that "an attorney may make such a request without obtaining his client's approval." Lynch, 726 F.3d at 354. Moreover, "[a] ruling excluding delay under the Speedy Trial Act is reversible only on a showing of abuse of discretion." United States v. Hernandez, 862 F.2d 17, 24 n.3 (2d Cir. 1988); see also United States v. Jones, 847 F. App'x 28, 31 (2d Cir. 2021) (same).

**B.     Analysis**

Defendants submit their case does not warrant complex case designation because (1) none of the statutory factors under 18 U.S.C. § 3161(h)(7)(B)(ii) weigh in favor of designation; and (2) this case "contrasts sharply" with other cases designated as complex. (Defs.' Mot. at 1–2, ECF No. 80.) The Government disagrees, arguing the Court should designate this case as complex for two main reasons. (Gov't Opp., ECF No. 82.) First, the Government contends that the factual underpinning of this case is "highly complex" under 18 U.S.C. § 3161(h)(7)(B)(ii). (Id. at 2.)

---

[1]     The Zedner Court noted that "[t]he best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." 547 U.S. at 507 n.7. As the Second Circuit has stated repeatedly, "an on-the-record contemporaneous finding ensures that 'the required balancing was done at the outset,' puts defense counsel on notice that the speedy trial clock has been stopped, and facilitates appellate review." Kelly, 45 F.3d at 47 (quoting United States v. Tunnessen, 763 F.2d 74, 78 (2d Cir. 1985)); see also Lynch, 726 F.3d at 354 n.5. This Court follows such a procedure here. See Lynch, 726 F.3d at 354 n.5.

4

Second, the Government submits that—putting aside the factual complexity of this case—the "discovery alone constitutes sufficient reason to designate the case as complex." (Id. at 3.) As explained below, the Court finds that this case is "complex."

The Section 3161(h)(7)(B)(ii) factors, taken together, warrant complex case designation in this matter. The other complex cases noted above and in Defendants' papers do not create a floor for what constitutes complexity under § 3161(h)(7)(B)(ii).[2] Although there are only two defendants thus far, there are over fifty victims. (Gov't Opp. to Mot. to Quash at 4, ECF No. 89 ("[T]he the grand jury is continuing to investigate … other targets—co-conspirators that worked with [D]efendants to commit these [alleged] crimes and attempt to cover them up.").) For each victim, the Government necessarily must gather and produce separate evidence to Defendants—including communications with said victim, voluminous banking and financial data telling the story of how Defendants allegedly defrauded the victim, and evidence of what Defendants did to allegedly steal and hide the victims' funds. (Gov't Opp at 3, ECF No. 82.) Because Defendants' alleged schemes also involved manipulating banks and financial institutions, the Government also collected discovery from those entities and produced that information to Defendants. (Id.) Given the number of victims, the Government submits it has been forced to continue investigating Defendants' conduct and interview more victims—even to this day. (Id.) Adding increased complexity to this case, Defendants allegedly cycled each victim's funds through multiple bank

---

[2]    See, e.g., Shellef, 718 F.3d at 107 (affirming designation of case as "complex" where a mandate from the Second Circuit for retrial of an 86-count indictment "required the government to deconstruct [its already] complex case and reassemble it into three distinct trial presentations"); United States v. Segura, 2001 WL 286851, at **1, 3 (D. Conn. Mar. 21, 2001) (excluding time based on complexity for period when case involved 36 defendants charged in drug conspiracy); United States v. Raniere, 2018 WL 4471632, at *1 (E.D.N.Y. Sept. 18, 2018) (designating complex where, in addition to six defendants with a variety of crimes, discovery was "voluminous and complex" and involved between 10 and 12 terabytes of electronic data); Gambino, 59 F.3d at 358 (discussing "complexity" of RICO prosecution "involving hundreds of hours of video and audio tape recordings tracking the structure and criminal activities of" "one of the most notorious organized crime families in the United States"); Beech-Nut Nutrition Corp., 871 F.2d at 1197–98 (affirming exclusion of time on the basis of complexity where "extensive scientific evidence and thousands of documents" were used to prosecute "eight defendants [on] 470 counts, requiring proof of more than 2,500 separate offenses at [the three-month] trial," which commenced one year after arraignments)).

accounts "in vast webs of artificially created confusion," purposefully designed to avoid detection by law enforcement. (Id.)

A few weeks ago, the Court also revoked Adam Kaplan's bail after the Government provided the Court with evidence indicating that he engaged in additional criminal conduct and attempted to obstruct justice and intimidate witnesses. (ECF No. 105.) That alleged criminal conduct, as well as the prospect of additional obstruction, (see Oct. 9, 2024 Tr. 17–18), is likely to result in a superseding indictment that would further expand and complicate this already sprawling case (id. at 3).[3]

Thus, under these unique circumstances, the Court concludes that this case is "complex" for § 3161(h)(7)(B)(ii) purposes. See Jones v. United States, 543 F. App'x 67, 70 n.6 (2d Cir. 2023) ("It is well established that a multi-defendant case involving activities over an extended period of time may justify a continuance under the Speedy Trial Act") (citing United States v. Gonzales Claudio, 806 F.2d 334, 341 (2d Cir. 1986) and United States v. Hernandez, 862 F.2d 17, 24 n.3 (2d Cir. 1988)).

The extensive discovery here, in confluence with this matter's factual complexity, provides additional reason to designate this case as complex. Cf. Pikus, 39 F.4th at 53 (expressing "doubt that a case can be designated as 'complex' solely because it involves a lot of documents"). Defendants disagree, citing United States v. Raniere to support their argument that the amount of discovery here "does not approach the scale of that in cases designated as complex due to discovery." (Defs.' Mot. at 2, ECF No. 80 (citing United States v. Raniere, No. 18-cr-204, 2018 WL 4471632, at *1 (E.D.N.Y. Sept. 18, 2018) (designating complex where, in addition to six defendants with a variety of crimes, discovery was "voluminous and complex" and involved

---

[3] Even absent a superseding indictment, the additional alleged criminal conduct would still add further complexity to this proceeding even under the current indictment.

between 10 and 12 terabytes of electronic data)).)  Again, the complex cases cited by Defendants do not create a floor for what constitutes complexity under the Speedy Trial Act.  So far, the discovery in this case has been extensive ("hundreds of thousands of pages, … approximately 80 gigabytes of data").  As Defendants themselves concede, "the volume of discovery is … substantial and has justified serial exclusions of time to enable the defense to adequately prepare for trial."  (Defs.' Reply at 1, ECF No. 83.)  In the last month, the Government has continued to produce "substantial" additional discovery that Defendants are still in the process of reviewing.[4] (ECF No. 120 at 1 n.1; see also ECF Nos. 112, 119.)  There will also almost certainly be additional substantial discovery related to the further criminal conduct that the Government recently disclosed to the Court.

Given all the above, the Court finds this case is "complex" for § 3161(h)(7)(B)(ii) purposes and designates this case as "complex" under the Speedy Trial Act.  In light of this determination, the Court finds that exclusion of time through December 17, 2024 serves the ends of justice that outweigh the best interests of the public and defendant in a speedy trial.

### III.    CONCLUSION

The Court DENIES Defendants' motion opposing complex case designation under the Speedy Trial Act and excludes time through December 17, 2024.

**SO ORDERED.**

Dated:    October 11, 2024
          Central Islip, New York

                                        /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[4] The parties also just litigated a motion to quash a subpoena issued to Defendants' former counsel that involved novel issues.  (See Oct, 9, 2024 Tr. 4 (admission by defense counsel that "[t]his is not a garden variety subpoena").)  The Court quashed the subpoena, but the Government may pursue a revised subpoena, which would surely lead to further litigation and potentially additional discovery.

The Court also notes that there is a pending motion to compel filed by Defendants.