FILED
CLERK
10:40 am, Aug 19, 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

               **MEMORANDUM & ORDER**
               23-cr-00293-JMA-JMW

  -against-

ADAM KAPLAN and DANIEL KAPLAN,

       Defendants.
-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

  Presently before the Court is an objection by Defendant Adam Kaplan (ECF No. 249) to Judge Wicks' Order denying Defendant's motion for temporary release under 18 U.S.C. § 3142(i). (ECF No. 237.) The Government opposes this motion. (See ECF No. 257.) For the reasons that follow and for the same reasons articulated in Judge Wicks' order denying release, the Court overrules Defendant's objection, affirms Judge Wicks' ruling, and denies Defendant's motion for temporary release under 18 U.S.C. § 3142(i).[1]

  When a defendant has been ordered detained pending trial, the "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Courts in this district and elsewhere have recognized that the determination of whether there is a "compelling reason" for a defendant's release under this

---

[1] In overruling Defendant's objection, the Court also relies on the reasons articulated in the Court's initial order of detention (ECF Nos. 109-110), the Government's Opposition to Defendant's Second Motion for Release (ECF No. 135), the Court's Denial of Defendant's Second Motion for Release (ECF No. 139), the Government's Opposition to Defendant's Motion for Temporary Release (ECF No. 231), Judge Wicks' Order Denying Temporary Release (ECF No. 237), and the Hearing Transcript from Judge Wicks' Hearing on the Motion for Temporary Release (ECF No. 248.)

provision requires the court to "balance the reasons advanced for such release against the risks [of danger to the community and/or flight] that were previously identified and resulted in an order of detention. In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case." United States v. Chambers, No. 20-CR-135, ECF No. 70 (S.D.N.Y. Mar. 31, 2020) (denying temporary release); see also United States v. Conley, No. 19-CR-131, ECF No. 366 (S.D.N.Y. Mar. 31, 2020) (same). 18 U.S.C. § 3145(b) permits a district court to revoke or amend a magistrate judge's detention order after conducting a de novo review. See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).

As outlined in Judge Wicks' order denying temporary release, this motion for release is Defendant's third attempt, coming after Defendant was initially released on bail with conditions and later found to have violated those conditions such that this Court revoked bail.[2] (See ECF Nos. 104; 109-10.) Specifically, this Court found there was clear and convincing evidence that established that Defendant committed several federal crimes while on pretrial supervised release. (ECF No. 110.) Thereafter, Defendant moved for release on bond again. (ECF No. 127.) The Government opposed while outlining the violations of the original release, which included some examples:

> 1. Adam Kaplan ordered an associate [], to create a fake email from a victim so that Adam Kaplan could use the fake email as evidence at trial and to impeach that victim's credibility; 2. Adam Kaplan engaged in a months'-long (conducted daily) fraudulent Ponzi scheme to steal money from victims; 3. Adam Kaplan attempted to tamper with, threaten, and pay off witnesses, including, telling his associate that a victim needed "to fear", that a victim should be "peeing blood / missing teeth and another visited / scared", that a victim should be sent skull and crossbones imagery, and that his associate should "put [a victim's] phone on fire . . . Seriously, please blow it up"; 4. Adam Kaplan attempted to bribe law enforcement and court personnel; 5. Adam Kaplan committed credit card fraud[.]

(ECF No. 135 at 3) (internal citations omitted).

---

[2] For the purposes of this Order, the Court presumes familiarity with the procedural posture and background of this case.

Ultimately, bail was denied again, and Defendant most recently filed a third motion for temporary release, proposing various conditions as part of his bail package. (See ECF No. 237 (citing ECF No. 226 at 12-14.)) However, as previously held by this Court and as addressed in Judge Wicks' order, Defendant poses serious risks of danger and obstruction of these proceedings and therefore must be detained. As held by Judge Wicks in his order:

> Based on Kaplan's direct violation of the conditions of his release, including committing conspiracy to commit wire fraud and attempting to bribe a government official, he has "shown that he cannot be trusted and cannot be monitored while on pretrial release." (ECF No. 135 at 7.) Further, Defendant has shown the Court that "he is a real, physical danger to others, including victims and witnesses." (Id. at 8) (emphasis in original). His prior acts discussed above provide the Court with ample concern for the safety of the community. See also id. at 3, 8.

(ECF No. 237 at 11.) Despite Defendant's arguments in his motion for temporary release that his release is necessary to prepare for trial, there are more than suitable and acceptable means for Defendant to review discovery while detained at MDC. Defendant has full access to an air-gapped laptop during legal visits in the visiting room of the MDC, such that he is able to review discovery on this laptop and take notes in preparation for trial. (See ECF No. 243 (Judge Wick's Order Granting Adam Kaplan's Motion for Discovery).) As outlined in Judge Wicks' order and in the Government's initial opposition to the motion for temporary release, the MDC is equipped to handle these types of discovery requests and also affords other opportunities for defendants to review discovery in preparation for trial. (See ECF No. 231 at 3-5; ECF No. 237 at 8-10.) As such, Defendant has not met his burden to establish "necessity" for temporary release to adequately prepare for trial.[3] The Court has considered Defendant's objections concerning the volume of

---

[3] The Government notes in its opposition that the defense first provided the Government with an air-gapped laptop for inspection on August 7, 2025, and Defendant had the ability to use the air-gapped laptop three business days later. (ECF No. 257 at 2.) The defense did not seek the formal written order from Judge Wicks allowing the use of the air-gapped laptop until August 11, 2025, and since that order, the defense has not reached out to the Government regarding any issues with the air-gapped laptop. (Id.) The Government understands that Defendant has had free use of the air-gapped laptop in the meantime. (Id.)

3

"late-produced discovery materials" by the Government and the constraints in the MDC visiting room and concludes that they do not alter the Court's conclusion that Defendant has not met his burden to establish "necessity" for temporary release.[4]

Furthermore, although Defendant does not explicitly rely on medical need as a reason supporting the instant motion, the Government has outlined how the MDC has provided Defendant with medical treatment many times. (ECF No. 231 at 9.) True medical need, therefore, is absent here.

Therefore, upon careful consideration, the Court overrules Defendant's objection, affirms Judge Wicks' order, and denies Defendant's motion for temporary release since Defendant has failed to demonstrate that temporary release is "necessary for preparation of [his] defense or for another compelling reason." 18 U.S.C. § 3142(i).

**SO ORDERED.**

Dated:   August 19, 2025
         Central Islip, New York

                                                  /s/ JMA
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE

---

Separately, regarding Defendant's argument that he "will have no real ability to participate in his defense during trial," the Government notes that Defendant will be present alongside his attorneys throughout the trial and be able to confer with his attorneys during breaks, including lunch. (ECF No. 257 at 3.) Additionally, there will be no trial on Fridays, weekends, and holidays during the trial, giving Defendant further opportunities to meet with his counsel and participate in his defense. (Id.) To the extent any further logistical challenges arise before or during trial, defense counsel may raise them with the Court so that they can be addressed promptly.

[4] The Government notes that in an effort to facilitate the Defendant's review, the Government provided Defendant with a witness list on August 4, 2025 that includes the names of 39 witnesses, many of whom are representatives from institutions. (ECF No. 257 at 3.)