# JURY CHARGE

TABLE OF CONTENTS

INTRODUCTION ................................................................1

FUNCTION OF JURY .........................................................2

COURT HAS NO VIEW .....................................................2

PARTIES ARE EQUAL ......................................................3

IMPROPER CONSIDERATIONS ......................................3

PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED .................5

INDICTMENT IS ONLY AN ACCUSATION ......................5

BURDEN OF PROOF ..........................................................6

PRESUMPTION OF INNOCENCE ....................................6

REASONABLE DOUBT ......................................................7

WHAT IS EVIDENCE? .......................................................8

WHAT IS NOT EVIDENCE? ..............................................9

AUDIO RECORDINGS AND SURVEILLANCE ...............10

EVIDENCE ..........................................................................11

CHARTS AND SUMMARIES ............................................12

DEMONSTRATIVE AIDS ...................................................13

WEIGH ALL EVIDENCE ....................................................13

CONSIDER EACH DEFENDANT AND EACH COUNT SEPARATELY .........14

INFERENCES ......................................................................15

THE INDICTMENT ..............................................................16

VARIANCE IN DATES .........................................................17

VARIANCE IN AMOUNTS ...................................................................18

**COUNT THREE: MAIL FRAUD** .......................................................19

First Element of Mail Fraud – Scheme to Defraud ........................21

Second Element of Mail Fraud – Knowingly, Willfully, and with Intent to
Defraud ...............................................................................................23

Evidence of Motive ..................................................................27

Dual Intent No Defense............................................................27

Third Element of Mail Fraud – Use of the Mails .........................28

**COUNTS FOUR AND FIVE: WIRE FRAUD** ...................................30

**COUNT TWO: CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD**.33

First Conspiracy Element – Agreement ........................................35

Second Conspiracy Element – Unlawful Acts ..............................36

Third Conspiracy Element – Membership in the Conspiracy .......37

**COUNTS SIX AND SEVEN: WIRE FRAUD** ....................................41

**COUNT NINE: UNLAWFUL MONETARY TRANSACTIONS OVER
$10,000** ...............................................................................................43

First Element – Monetary Transaction Affecting Interstate Commerce .......45

Second Element – Criminally Derived Property ...........................46

Third Element – Defendant's Knowledge Regarding the Proceeds..............47

**COUNT EIGHT: CONSPIRACY TO ENGAGE IN UNLAWFUL
MONETARY TRANSACTIONS OVER $10,000** ...............................48

First Element – Unlawful Agreement............................................49

Second Element – Conspiracy Involved Proceeds of Specified Unlawful
Activity ...............................................................................................49

Third Element – Membership in the Conspiracy ..........................49

**COUNT TEN: FEDERAL PROGRAMS BRIBERY**................................51

    First Element – Recipient Was an Agent of Government .............................53

    Second Element – Local Governmental Agency Received $10,000 in Federal Funds......................................................................................53

    Third Element – Defendant Gave Something of Value ................................54

    Fourth Element – Defendant Acted Corruptly With Intent to Influence or Reward ..............................................................................................55

    Fifth Element – Value of Transaction ........................................................57

**COUNT ELEVEN: EXTORTION**..........................................................59

    First Element – Personal Property ..............................................................60

    Second Element – Obtaining Property Through Wrongful Use of Force, Violence or Fear .........................................................................................61

    Third Element – Affecting Interstate Commerce .........................................62

**ATTEMPT**.................................................................................................63

**AIDING AND ABETTING**.....................................................................64

**COUNT ONE: RACKETEERING CONSPIRACY** ...............................68

    First Element – The Enterprise ..................................................................70

    Second Element – Effect on Interstate Commerce ......................................71

    Third Element – Association with or Employment by the Enterprise ..........71

    Fourth Element – Membership in the Conspiracy and Participation in the Conduct of the Enterprise Through a Pattern of Racketeering Activity .......72

    The Racketeering Acts................................................................................75

    Racketeering Act Seven – State Law Bribery .............................................76

        First Element – Benefit ....................................................................77

        Second Element – Public Servant .....................................................77

      Third Element – Agreement or Understanding ....................................77

    Attempts ....................................................................................................77

DELIBERATIONS ..............................................................................................79

WITNESS TESTIMONY ...................................................................................79

PRIOR INCONSISTENT STATEMENTS ........................................................81

DUNN'S PRIOR STATEMENTS REGARDING HYMOWITZ AND FREEMAN ..........................................................................................................82

WITNESS'S FELONY CONVICTION .............................................................83

ADMISSION OF A DEFENDANT ...................................................................83

CHARACTER WITNESSES ..............................................................................84

TESTIMONY OF ACCOMPLICES / COOPERATING WITNESSES.................85

JUROR'S RECOLLECTION GOVERNS .........................................................89

NOTES TAKEN BY JURORS ...........................................................................90

NO INVESTIGATION .......................................................................................90

DELIBERATIONS ..............................................................................................91

JURY CHARGE ..................................................................................................91

UNANIMOUS VERDICT ..................................................................................91

FOREPERSON ....................................................................................................92

VERDICT SHEETS ............................................................................................92

COMMUNICATION WITH COURT ................................................................93

NO DISCUSSION ...............................................................................................93

NOT TO REVEAL STATUS .............................................................................94

OATH...................................................................................................................94

## INTRODUCTION

Members of the Jury:

Now that the evidence has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case.

My instructions will be in three parts:

First: I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

Second: I will instruct you as to the legal elements of the crimes charged in the indictment — that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

Third: I will give you some important principles that you will use during your deliberations.

Shortly after you retire for your deliberations, I will provide you with several copies of these instructions.

## FUNCTION OF JURY

Let me remind you that it is your duty to follow the law as I state it. You have the important responsibility to judge the facts. And <u>you</u> <u>alone</u> are the judges of the facts — not counsel — not I.

Counsel have made reference to legal terms such as "reasonable doubt." I instruct you that it is my instructions and my definitions of legal terms and mine only that you must follow, and not counsel's.

## COURT HAS NO VIEW

I express no view as to whether the defendants are guilty or not guilty. You should not draw any conclusion as to whether they are guilty or not guilty from anything I may have said or done. You will decide the case solely on the evidence and the law.

## PARTIES ARE EQUAL

The prosecution is brought in the name of the United States, but that does not entitle the government to any greater consideration than the defendants. The parties — the government and the defendants — are equal before this Court. They are entitled to equal consideration.

## IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the race, religion, national origin, ethnic background, sex or sexual orientation, or age of the defendants, the witnesses, or anyone participating in the trial.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

You have heard evidence about the involvement of certain other people in the transactions referred to in the indictment. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

Reference has been made to interviews that the attorneys conducted with witnesses prior to a witness taking the stand. I instruct you that attorneys not only have a right to interview witnesses prior to putting them on the stand, but it is professionally proper to do so.

The question of possible punishment of the defendants is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing a sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine, solely upon the basis of the evidence, whether or not each defendant is guilty beyond a reasonable doubt of each crime charged against him.

## PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, I instruct you that the law does not require that any particular investigative techniques be used by law enforcement authorities to uncover or prosecute crime. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based upon all the evidence in the case, the government has proven that the defendants are guilty beyond a reasonable doubt.

## INDICTMENT IS ONLY AN ACCUSATION

An indictment is merely an accusation in writing. It is not evidence of guilt. It is entitled to **no** weight in your determination of the facts. The defendants have all pleaded not guilty, thereby placing in issue each allegation in the indictment.

I'll now address certain fundamental principles that I spoke to you about earlier.

BURDEN OF PROOF

First, the government has the burden of proving guilt beyond a reasonable doubt as to each element of the crimes the defendants are charged with committing. Throughout the trial, this burden never shifts. The defendants do not have to prove their innocence; indeed they need not submit any evidence at all. This principle applies even where they do offer evidence on their own behalf.

PRESUMPTION OF INNOCENCE

Second, the law presumes a defendant innocent of the charges against him. I instruct you that the defendants are to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven them guilty beyond a reasonable doubt. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of the evidence.

You may not attach any significance to the fact that a defendant did not testify. You may not draw any inference against him because he did not take the witness stand.

## REASONABLE DOUBT

Third, I have said that the government must prove the defendants guilty beyond a reasonable doubt. The question, naturally, is what is a reasonable doubt? It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

<u>WHAT IS EVIDENCE?</u>

The evidence upon which you are to decide what the facts are comes in several forms:

    A.     Sworn testimony of witnesses, both on direct and cross-examination;

    B.     Exhibits that have been received by the Court in evidence; and

    C.     Facts to which the lawyers have agreed or stipulated.

When the attorneys on both sides stipulate, that is, agree, to the existence of a fact, you the jury must accept the stipulation and consider the fact as proven.

With respect to stipulations as to the admissibility of documents, that simply means the lawyers agreed the documents could be used at trial. It does not mean that they agree as to the meaning of the documents or as to any inferences you should draw from them.

## WHAT IS NOT EVIDENCE?

The following things are not evidence:

A.      Arguments or statements by lawyers are not evidence.

B.      A question put to a witness, standing alone, is not evidence. Only the answer, understood in light of the question, is evidence. Innuendo or suggestion contained in the question is not evidence.

C.      Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received. You should not be influenced by the objection or by my ruling on it. If the objection was sustained, ignore the question and any answer that followed. If the objection was overruled, treat the answer like any other answer.

D.      Obviously anything you may have seen or heard outside the courtroom is not evidence.

E.      Nothing I have said is evidence.

AUDIO RECORDINGS AND SURVEILLANCE

You have heard evidence in the form of recordings of conversations that were obtained without the knowledge of some of the parties to those conversations, as well as photographic surveillance evidence that was obtained without the knowledge of the person being observed by law enforcement. These audio recordings and photographs were obtained lawfully. The use of these procedures to gather evidence is lawful and the government has the right to use such evidence in this case.

During the course of the trial you were given transcripts to assist you in listening to the audio recordings. You may use the transcripts in your deliberations as an aid in recalling the recorded conversations. I instruct you, however, that the primary evidence of the conversations is the recordings, themselves. If the transcripts appeared to you to vary from the recordings in any respect, what you heard is controlling.

## EVIDENCE

There are, generally speaking, two types of evidence. One is direct evidence — such as the testimony of an eyewitness or participant, or physical evidence. The other is indirect or circumstantial evidence — evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in the common experience. You infer on the basis of reason, experience, and common sense from an established fact or facts the existence or the nonexistence of some other fact.

In an effort to convey what is meant by circumstantial evidence, I usually give jurors an example.

Assume that when you came to court today, it was a bright, clear sunny day. And also assume that we have closed the window shades.

But after a while someone walks in from the hallway with an umbrella that is dripping wet, followed by people wearing wet raincoats.

Now, you cannot see or hear the falling of rain by direct observation.

But certainly, upon the combination of facts that you DO observe, even though when you entered the building it was sunny, it would be reasonable and logical for you to conclude that the weather had changed to rainy. You will have inferred, on the basis of reason and experience, from established facts, that it was raining. That's all circumstantial evidence amounts to.

There is no distinction between the weight to be given to direct evidence and the weight to be given to circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence.

CHARTS AND SUMMARIES

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid inconvenience. You should consider these charts and summaries the same way you would any other evidence.

## DEMONSTRATIVE AIDS

I have allowed the lawyers to use certain documents or objects which we call demonstrative aids in their summations. These items are not themselves in evidence but the lawyers were permitted to use them as aids in presenting their arguments to you.

## WEIGH ALL EVIDENCE

You should weigh **all** the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant you are considering beyond a reasonable doubt then you must find him not guilty. On the other hand, if you are convinced beyond a reasonable doubt that the defendant you are considering is guilty of the crime you are considering, then you should find him guilty.

## CONSIDER EACH DEFENDANT AND EACH COUNT SEPARATELY

I further remind you that, although the three defendants are on trial together, your verdict must be determined separately with respect to each based on the evidence or lack of evidence presented against that defendant, and without regard to the guilt or innocence of anyone else. You must consider each count of the indictment and each defendant's involvement in the activities charged in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged. Your views as to the guilt or innocence of any one defendant should not control your decision as to any other defendant. Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

You may have noticed that, in the course of the trial, counsel for the various defendants have consulted with each other and have, on occasion, even divided the work of the trial in an effort to facilitate their presentation and avoid duplication. It would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense. But remember, the issue of each defendant's guilt is personal and you must make a separate determination on this point without regard to the fact that counsel have consulted and cooperated with each other in the defense of their respective clients.

14

## INFERENCES

The attorneys in summing up have asked you to draw certain inferences from the evidence in this case. Any inference you draw must be reasonably based on the evidence, and you may infer only such facts that your reason and common sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters that are not in evidence.

## THE INDICTMENT

I will now turn to the second part of my instructions and instruct you as to the specific elements of the crimes charged that the government must prove beyond a reasonable doubt for you to find each of the defendants guilty in this case.

The Indictment in this case contains eleven counts, or charges. Some counts apply to all three of the defendants, and some apply only to one defendant, STEVENSON DUNN.

To make these instructions easier to understand, I will first instruct you on COUNTS THREE, FOUR and FIVE, which charge all three of the defendants, STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, with the substantive crimes of Mail Fraud and Wire Fraud in connection with certain kickback payments.

Then, I will instruct you on COUNT TWO, which charges all three of the defendants with the crime of Conspiracy to Commit Mail Fraud and Wire Fraud in connection with those kickbacks.

Next, I will provide instructions on COUNTS SIX and SEVEN, which charge defendant DUNN, alone, with Wire Fraud in connection with certain, other kickback payments.

Then, I will instruct you on COUNTS EIGHT and NINE, which charge all three of the defendants with both the substantive crime of Engaging in Unlawful Monetary Transactions Over $10,000 and Conspiracy to Engage in Unlawful Monetary Transactions Over $10,000.

Next, I will discuss COUNTS TEN and ELEVEN, which charge defendant DUNN, alone, with the crimes of Bribery and Extortion.

Finally, I will instruct you as to COUNT ONE, which charges defendant DUNN, alone, with the crime of Racketeering Conspiracy.

<u>VARIANCE IN DATES</u>

The Indictment charges that acts occurred on or about certain dates. It does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. Nor is it essential that the government prove that a conspiracy started and ended on the specific dates charged. The law requires only substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

## VARIANCE IN AMOUNTS

Similarly, the law requires only a substantial similarity between the amounts alleged in the Indictment and the proof.

Thus, if the Indictment charges that a certain amount was involved, and the testimony or exhibits indicate that, in fact, a different amount was involved, it is for you to determine whether the difference is material, that is, significant or important, and, if you find it was material, then you must find the defendant you are considering not guilty.

## COUNT THREE: MAIL FRAUD

I will begin with the substantive count of Mail Fraud, which is charged against defendants DUNN, HYMOWITZ and FREEMAN. COUNT THREE of the Indictment reads as follows:

> In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

> On or about April 17, 2007, for the purpose of executing such scheme and artifice, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, to wit: a payment voucher and related documents mailed from the address "Michael Freeman, 404 Park Avenue South, New York, New York 10016" to HUD at 100 Penn Square East, Philadelphia, Pennsylvania 19107.

COUNT THREE charges the defendants with a violation of Title 18, United States Code, Section 1341, the federal mail fraud statute. The statute provides, in pertinent part, that:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises . . . for the purpose of executing such scheme or artifice or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, . . . or takes or receives therefrom any such matter or thing, or knowingly causes to be delivered by mail . . . according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be [guilty of a crime].

## Mail Fraud: Elements of the Offense

In order to meet its burden of proof on COUNT THREE, the government must establish beyond a reasonable doubt the following three elements of the crime of mail fraud:

**First**, that there was a scheme or artifice to defraud any person or entity for the purpose of obtaining money or property by false and fraudulent pretenses, representations or promises;

**Second**, that the defendants knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

**Third**, that in execution or in furtherance of the scheme, the defendants used or caused the use of the mails.

20

**First Element of Mail Fraud – Scheme to Defraud**

The first element the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud any person or entity of money or property by means of false or fraudulent pretenses, representations or promises.

A "scheme or artifice" in this context means a plan or a course of action that intends some harm to the property rights of another. A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts of the case.

"Fraud" is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representations. Thus, a scheme to defraud is any plan, device or course of action to obtain money or property by false or fraudulent representations, untrue statements of material facts, omissions of material facts, representations, promises and patterns of conduct calculated to deceive.

A representation is fraudulent if it is falsely made with the intention to deceive. The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey falsity and deception.

Accordingly, deceitful statements of half truths or the concealment of material facts may constitute false or fraudulent representations under the statute. A lie is a statement that is itself untrue whereas a half-truth is a statement that is true as far as it goes but that purposely omits material facts necessary in order to make what is said not misleading.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular representation to be false or fraudulent, you must determine whether that representation was one that a reasonable person might have considered important in making his or her decision.

The government need not prove that the defendants personally made a misrepresentation or that they personally omitted a material fact. It is sufficient if the government establishes that the defendants caused the misrepresentation to be made or the fact to be omitted.

It does not matter whether the alleged unlawful scheme was successful or not. Nor does it matter whether the defendants profited or received any benefits as a result of the alleged scheme or whether the intended victim actually suffered any loss. Success is not an element of the crime charged. Nor is the government required to prove that the defendant you are considering personally originated the scheme to defraud.

Moreover, it does not matter whether the victim could have avoided a loss through greater diligence. Negligence by a victim is not a defense to a violation of the mail fraud statute.

The government must prove beyond a reasonable doubt that the scheme to defraud contemplated or intended some harm to property rights of another. This requirement is satisfied if you find that the government proved beyond a reasonable doubt that the defendants planned to obtain or actually obtained money from HPD and its partners by materially fraudulent representations.

## Second Element of Mail Fraud – Knowingly, Willfully, and with Intent to Defraud

The second element that the government must establish beyond a reasonable doubt as to COUNT THREE is that the defendants participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

23

The issue is the defendants' knowledge and intent at the time the statements were made. The question of the defendants' knowledge and intent will come up repeatedly in these instructions. I will give you some guidance on this subject.

To act knowingly and intentionally means to act purposely and voluntarily and not because of a mistake or accident or for some other innocent reason.

To act with intent to defraud means to act knowingly and with the specific intent to deceive and cause some harm to the property rights of another person or entity.

To act willfully means to act with the knowledge that one's conduct is unlawful and with intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. "Willfully" does not require proof that the defendants knew of the existence and meaning of the statute making their conduct criminal.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This requires you to make a determination about someone's state of mind, something that can rarely be proved directly. A wise and careful consideration of all the circumstances before you may, however, permit you to make a determination as to a person's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in given circumstances. You are asked to do the same here.

Direct proof of knowledge and fraudulent intent is often not available. It would be an unusual case where it could be shown that a person wrote or stated that at a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

Therefore, the ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

The government may satisfy its burden of proving the knowledge of the defendant you are considering, by proving beyond a reasonable doubt that he knew that the requests for payment the defendants submitted to HPD and its partners were false and fraudulent in that the requests included, but did not disclose, amounts received as kickback payments, and that they knew that these requests would cause HPD and its partners to make payments to the defendants which would be used, in part, to fund kickback payments.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendants is a complete defense to a charge of fraud. The defendants, however, have no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations, including statements or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief that his representations were true and that his omissions, if any, were not material, is a good defense, however inaccurate the representations have turned out to be. An honest mistake in judgment or an honest error does not rise to the level of intent to defraud.

## Evidence of Motive

Proof of motive is not a necessary element of the crimes with which the defendants are charged. Proof of motive does not establish guilt, nor does lack of motive establish that a defendant is innocent.

If the guilt of the defendant you are considering is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, but the presence or absence of a motive, such as personal advancement or financial gain, is a circumstance which you may consider as bearing on intent.

## Dual Intent No Defense

The government need not prove that the defendants' intent be completely corrupt, fraudulent or deceptive. A defendant may be found to have the requisite corrupt intent to defraud even if he possesses a dual intent – that is, partly a corrupt, fraudulent or deceptive intent and partly an intent to do something that is permissible. A valid purpose that partially motivates a payment does not insulate the defendant in an unlawful transaction from criminal liability, where the remaining intent was corrupt, fraudulent or deceptive.

## Third Element of Mail Fraud – Use of the Mails

The third element that the government must establish beyond a reasonable doubt is the use of the mails in furtherance of the scheme to defraud. The use of the mails means sending material through the United States Postal Service.

The mailed matter need not contain a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant you are considering to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable to him in the execution of the alleged scheme to defraud. Thus, you may find this element proved if you find that the defendant caused the mailing by others. This does not mean that the defendant must have specifically authorized or directed others to do a specific mailing. If someone acts with knowledge that the use of the mails will follow in the ordinary course of business or if someone reasonably foresees that the mails will be used, even though not actually intended, then that person causes the mails to be used within the meaning of the law.

There is no requirement that the government prove the use of the mails by direct evidence, such as by having a witness testify that he or she specifically remembers sending a particular document through the mail or by producing the envelope in which a document was sent. You may infer that a particular document was sent through the mail based on circumstantial evidence, such as the customary practices of a business concerning the transmittal of documents. However, whether the evidence is direct or circumstantial, the evidence must be sufficient to convince you beyond a reasonable doubt that the mails were used.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailing charged in the Indictment, namely, the April 17, 2007 mailing of a payment voucher and related documents from the address "Michael Freeman, 404 Park Avenue South, New York, New York 10016" to HUD at 100 Penn Square East, Philadelphia, Pennsylvania 19107.

## COUNTS FOUR AND FIVE: WIRE FRAUD

I turn, next, to the first two substantive counts of wire fraud. COUNTS FOUR and FIVE of the Indictment charge all three defendants with wire fraud. These Counts relate to alleged kickback payments from Bogdan Starzecki. The Indictment reads as follows:

> In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

> For the purpose of executing such scheme and artifice, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers through New Jersey, as set forth below:

| COUNT | APPROX. DATE | ORIGINATOR | RECIPIENT | APPROX. AMOUNT OF WIRE TRANSFER |
|---|---|---|---|---|
| FOUR | Nov. 14, 2007 | Enterprise Community Loan Fund, Columbia, Maryland | Hymowitz & Freeman IOLA Account, New York, New York | $30,976.73 |
| FIVE | Feb. 5, 2008 | Enterprise Community Loan Fund, Columbia, Maryland | Hymowitz & Freeman IOLA Account, New York, New York | $37,990.90 |

COUNTS FOUR and FIVE charge the three defendants with a violation of Title 18, United States Code, Section 1343, the federal wire fraud statute, which provides, in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

**Wire fraud has three elements. The first two are identical to the first two elements of mail fraud, on which I have just instructed you.** Follow those instructions here.

The **third element** is that, in execution or in furtherance of the fraudulent scheme, the defendant used or caused the use of an interstate wire. This would include, for example, the transfer of funds. To be interstate, the wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey.

31

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud. It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud.

It is sufficient to establish this element of the crime if you find that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make or cause the transfer of funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the Indictment. However, as I instructed you earlier, the government does not have to prove that the wires were used on the exact date, or with respect to the exact amounts charged in the Indictment.

## COUNT TWO: CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD

Now I will turn to COUNT TWO of the Indictment, which charges all three defendants with conspiring to commit wire fraud in connection with the alleged Starzecki kickback payments, as charged in COUNTS FOUR and FIVE, and with conspiring to commit mail fraud, as charged in COUNT THREE. Specifically, COUNT TWO states:

> In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, (a) to place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, contrary to Title 18, United States Code, Section 1341; and (b) to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: interstate wire transfers, contrary to Title 18, United States Code, Section 1343.

COUNT TWO charges the defendants with violating Section 1349 of Title 18 of the United States Code, which makes it a crime for any person to attempt or conspire to commit mail or wire fraud in violation of the Sections quoted earlier.

A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime that a conspirator is charged with agreeing to commit. That is because the existence of a conspiracy, or partnership for criminal purposes, is in and of itself a crime.

The essence of the charge of conspiracy is an agreement or understanding among two or more persons that they will act together to violate the law. Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is treated as a crime.

Consequently, for the defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals, or even that they could have succeeded.

In order to prove the crime of conspiracy, the government must establish the following elements of the crime beyond a reasonable doubt:

**First**, that two or more persons entered into the particular unlawful agreement charged in the Indictment;

**Second**, that the objective of the conspiracy was to commit at least one of the unlawful acts charged in COUNT TWO of the Indictment;

**Third**, that the defendant you are considering knowingly, intentionally, and willfully became a member of the conspiracy.

Let me discuss this in more detail.

## First Conspiracy Element – Agreement

First, the government must prove beyond a reasonable doubt that two or more persons entered into the particular unlawful agreement charged. In other words, one cannot commit the crime of conspiracy by oneself.

Now, the government need not prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished. It is sufficient to show that the conspirators implicitly came to a mutual understanding to accomplish one or more of the unlawful objectives charged in the Indictment by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof. But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available. Therefore, you are permitted to infer the existence of a conspiracy from the circumstances and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. You may, in determining whether an agreement existed here, consider the actions and statements of all those you find to be conspirators as proof that a common design existed to act together for the accomplishment of the unlawful purposes stated in Count Two of the Indictment.

## **Second Conspiracy Element – Unlawful Acts**

The second element that the government must prove beyond a reasonable doubt is that the objective of the conspiracy was to commit at least one of the unlawful acts charged in the Indictment.

The first crime alleged to be an object of the conspiracy in COUNT TWO is mail fraud. I instructed you on the elements of mail fraud when I instructed you on COUNT THREE.

The second and third crimes alleged to be an object of the conspiracy in COUNT TWO are wire fraud, specifically, the wire fraud associated with the alleged Starzecki kickback payments charged in COUNTS FOUR and FIVE. I instructed you on the elements of wire fraud when I instructed you about COUNTS FOUR and FIVE.

The government need not prove that the alleged conspirators entered into an agreement to accomplish all of the unlawful objectives alleged. If you find unanimously that two or more persons agreed to commit any <u>one</u> of these objectives, then this element would be proved. That is, it is not enough to convict if some of you find that the government has proven only an agreement to accomplish one unlawful objective while others of you find that the government has proven only an agreement to accomplish a different unlawful objective.

## **Third Conspiracy Element – Membership in the Conspiracy**

The third element that the government must prove beyond a reasonable doubt is that the defendant knowingly, intentionally, and willfully became a member of the charged conspiracy.

I have previously instructed you as to the terms knowingly, intentionally and willfully. Follow those same instructions here. I remind you that to act knowingly and intentionally means to act purposely and voluntarily and not because of a mistake or accident or for some other innocent reason. To act willfully means to act with the bad purpose of disobeying or disregarding the law.

If you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant you are considering was a member of the conspiracy, you should consider whether he knowingly, intentionally and willfully joined the conspiracy. Did the defendant participate in it with knowledge of its unlawful purpose and with the intention of furthering the objectives with which he is charged?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

Before the defendant you are considering can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether he joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

I want to stress that merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to commit that crime. This is true even if the person knows that a crime is being committed. Mere innocent association, as for social and business purposes, or physical contact with conspirators, does not make a person a co-conspirator. That a defendant may know members of a conspiracy, or be associated in business or socially with them, does not, without more, make that defendant a member of the conspiracy. Similarly, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law.

The extent of a defendant's participation in the conspiracy has no bearing on the issue of guilt. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme. A conspirator need not have been fully informed as to all of the details or the scope of the conspiracy. He need not have been a member of the conspiracy for the entire time of its existence.

## COUNTS SIX AND SEVEN: WIRE FRAUD

I turn, next, to the substantive crime of wire fraud as charged in COUNTS SIX and SEVEN, which applies only to defendant DUNN. These Counts relate to the alleged kickback payments of George Armstrong. The relevant paragraphs of the Indictment read as follows:

> In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

> For the purpose of executing such scheme and artifice, the defendant STEVENSON DUNN, together with others, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers through New Jersey, as set forth below:

| COUNT | APPROX. DATE | ORIGINATOR | RECIPIENT | APPROX. AMOUNT OF WIRE TRANSFER |
|---|---|---|---|---|
| SIX | April 4, 2008 | The Community Preservation Corp., New York, New York | Hancock Street SML, LLC, New York, New York | $210,116.83 |
| SEVEN | Oct. 15, 2008 | The Community Preservation Corp., New York, New York | Hancock Street SML, LLC, New York, New York | $283,409.96 |

I have previously instructed you in COUNTS FOUR and FIVE as to the elements of a wire fraud charge. Follow those instructions here. In sum, in order to prove COUNTS SIX and SEVEN against defendant DUNN, the government must prove three elements beyond a reasonable doubt:

**First**, that there was a scheme or artifice to defraud any person for the purpose of obtaining money or property by false and fraudulent pretenses, representations or promises;

**Second**, that defendant DUNN knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud;

And **third**, that, in execution or in furtherance of the fraudulent scheme, defendant DUNN used or caused the use of an interstate wire that is charged in the Indictment.

## COUNT NINE: UNLAWFUL MONETARY TRANSACTIONS OVER $10,000

All three of the defendants are charged with what we call Unlawful Monetary Transactions Over $10,000. In essence, the government alleges that the three defendants engaged in monetary transactions involving criminally derived property: namely, the proceeds derived from the wire fraud which is the subject of COUNTS FOUR and FIVE. Therefore, unless you find a defendant guilty of one of these counts, you should not proceed to consider COUNT NINE as to him. If, however, you find the defendant you are considering guilty of COUNT FOUR or FIVE, then you must consider COUNT NINE with respect to that defendant.

COUNT NINE of the Indictment reads as follows:

In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally engage in monetary transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: wire fraud . . .

COUNT NINE charges the three defendants with violations of Title 18, Section 1957 of the United States Code. That Section makes it a crime for someone to:

43

knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity . . . [provided that the transaction] takes place in the United States . . .

## Unlawful Monetary Transaction Over $10,000 – Elements of the Offense

In order to meet its burden of proof on COUNT NINE, the government must establish beyond a reasonable doubt the following four elements:

**First**, that the defendant engaged in a monetary transaction in or affecting interstate commerce;

**Second**, that the transaction involved criminally derived property, that is, property derived from specified unlawful activity with a value greater than $10,000;

**Third**, that the defendant knew the transaction involved criminally derived property; and

**Fourth**, that the transaction took place in the United States.

## First Element – Monetary Transaction Affecting Interstate Commerce

The first element which the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce. The term monetary transaction means the deposit, withdrawal, transfer, or exchange of funds or monetary instruments (such as travelers' checks, personal checks, bank checks, or money orders) by, through, or to a financial institution. A financial institution includes banks and credit unions.

In addition, the transaction must have some effect, however minimal, on interstate commerce.

This effect on interstate commerce can be established in several ways. First, I instruct you that any monetary transaction with a financial institution insured by the FDIC affects interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

## **Second Element – Criminally Derived Property**

The second element the government must prove beyond a reasonable doubt is that the transaction involved criminally derived property. The term criminally derived property means any property constituting, or derived from, proceeds obtained from a "specified unlawful activity." As I have instructed you earlier, COUNTS FOUR and FIVE charge the defendants with wire fraud; and I further instruct you that such crimes, if proved, are "specified unlawful activity." The government is not required to prove that all the property involved in the transaction you are considering was derived from criminal activity; however, the government must prove that at least $10,000 of the property involved was criminally derived property.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

**Third Element – Defendant's Knowledge Regarding the Proceeds**

The third element the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity. I instruct you that this element refers to a requirement that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you as a matter of law that wire fraud, as charged in COUNTS FOUR and FIVE, is a criminal offense.

The **fourth** element, that the transaction took place in the United States, needs no explanation.

# COUNT EIGHT: CONSPIRACY TO ENGAGE IN UNLAWFUL MONETARY TRANSACTIONS OVER $10,000

COUNT EIGHT charges all three defendants with conspiring to engage in an unlawful monetary transaction over $10,000. To determine whether the defendants were part of such a conspiracy, you must consider the substantive crime of engaging in an unlawful monetary transaction, which I have just described to you.

COUNT EIGHT of the Indictment alleges:

In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally conspire to engage in monetary transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: wire fraud . . .

Section 1956(h) of Title 18 of the United States Code provides that "[a]ny person who conspires to commit any offense defined in [Section 1957] shall be [guilty of a crime]." I instructed you, generally, about conspiracy charges when I instructed you on COUNT TWO. Consider those instructions here. For the unlawful monetary transaction conspiracy charged in COUNT EIGHT, the government must prove three elements beyond a reasonable doubt.

48

## First Element – Unlawful Agreement

The first element is that two or more persons knowingly and willfully entered into the unlawful monetary transaction agreement as charged in COUNT NINE. Remember to refer back to my instructions on conspiracies in COUNT TWO in determining whether an illegal agreement exists.

## Second Element – Conspiracy Involved Proceeds of Specified Unlawful Activity

The second element that the government must prove beyond a reasonable doubt is that the conspiracy involved the proceeds of specified unlawful activity, as I have defined that under COUNT NINE.

## Third Element – Membership in the Conspiracy

The third element is that the defendant you are considering knowingly, intentionally, and willfully joined the conspiracy. I refer you again to my general instructions under COUNT TWO on whether a defendant knowingly, intentionally, and willfully joined the conspiracy. Thus, if you find beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you must determine whether the defendant you are considering was a member of that conspiracy.

49

In determining that, you must determine not only whether he participated in it with the specific intent of furthering the objective charged, but whether he did so with knowledge of its unlawful objective or purpose. With respect to a defendant's knowledge of the unlawful objective or purpose of the conspiracy, I instruct you that for this Count the government must prove beyond a reasonable doubt that the defendant knew the property involved in the transaction represented the proceeds of some form of unlawful activity. The defendant need only have known that the money was from some form of unlawful activity; he need not have known precisely what the activity was.

**The remaining Counts – COUNTS ONE, TEN and ELEVEN – apply to defendant DUNN only. I will first instruct you on COUNTS TEN and ELEVEN, and then I will turn to COUNT ONE.**

## COUNT TEN: FEDERAL PROGRAMS BRIBERY

COUNT TEN of the Indictment charges defendant STEVENSON DUNN with bribery relating to an organization which received federal funds, in violation of Section 666(a)(2) of Title 18 of the United States Code. Specifically, COUNT TEN charges that:

> In or about and between January 2007 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly, intentionally and corruptly give, offer and agree to give one or more things of value, to wit: cash payments, to WENDELL WALTERS, an agent of a local government agency, to wit: HPD, which agency received in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance in one or more one-year periods, with intent to influence and reward WENDELL WALTERS in connection with business and one or more transactions and series of transactions of HPD involving things of value of $5,000 or more.

Section 666(a)(2) prohibits making corrupt payment to agents of organizations where there is federal funding involved. The statute states, in pertinent part, that, in certain circumstances, whoever:

> corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more [shall be guilty of a crime].

The circumstance referred to by this subsection "is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of Federal assistance."

In order to prove defendant DUNN guilty of bribery relating to an organization or governmental agency which receives federal funds, the government must prove each of the following elements beyond a reasonable doubt:

**First,** that at the time alleged in COUNT TEN, Wendell Walters was an agent of a local governmental agency, specifically, HPD;

**Second**, that HPD received federal benefits in excess of $10,000, including from any federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other assistance, in any one-year period during the time alleged in COUNT TEN;

**Third**, that defendant DUNN gave (or agreed to give or offered) something of value to Walters;

**Fourth**, that defendant DUNN acted corruptly with the intent to influence or reward Walters with respect to transactions of HPD; and

**Fifth**, that the value of the transaction to which the payment related was at least $5,000.

I will now explain each of these elements in greater detail.

## First Element – Recipient Was an Agent of Government

The first element the government must prove beyond a reasonable doubt is that at the time charged in the Indictment, Wendell Walters was an agent of HPD and that HPD was a local government agency. An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the governmental agency with which they are associated.

## Second Element – Local Governmental Agency Received $10,000 in Federal Funds

The second element the government must prove beyond a reasonable doubt is that in a one-year period, HPD received federal benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.

The one-year period must begin no more than 12 months before the defendant began committing the offense and must end no more than 12 months after he stopped committing the offense. The one-year period may include time both before and after the commission of the offense.

The government does not have to prove that the defendant or Walters had the authority to administer those federal benefits.

## Third Element – Defendant Gave Something of Value

The third element the government must prove beyond a reasonable doubt is that defendant DUNN gave (or agreed to give or offered) something of value to Walters, as alleged in the Indictment.

The statute makes no distinction between offering or giving a bribe. The mere offer of a bribe is just as much a violation of the statute as the actual giving of one.

The government is not required to prove that the particular thing of value that the defendant gave, offered or agreed to give was "federal benefits," or that the illegal acts directly affected the federal benefits that the entity received. Rather, the government is required to prove only that the defendant illegally gave, offered or agreed to give a particular thing of value while Walters was an agent of a local government agency that received in excess of $10,000 in federal benefits.

## Fourth Element – Defendant Acted Corruptly With Intent to Influence or Reward

The fourth element the government must prove beyond reasonable doubt is that defendant DUNN gave (or agreed to give or offered) something of value to Walters knowingly and corruptly and with the intent to influence or reward Walters's actions in connection with some business or transaction of HPD.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to influence or reward the recipient's actions. This involves conscious wrongdoing.

In considering this element, remember that it is the defendant's intent to influence Walters's actions, at least in part, which is important, not the actions of Walters or HPD. Thus, the government does not have to prove that Walters accepted the bribe offer or that the bribe actually influenced the final decision of HPD. It is not even necessary that Walters had the authority to perform the act which defendant sought.

It is no defense that the official act the defendant sought to influence or reward was itself lawful or even desirable or beneficial to the public welfare. In addition, it is immaterial if: (1) Walters was simply doing what he was obligated to do; or (2) there was no financial injury to HPD. It is likewise no defense that the official act sought to be influenced or rewarded would have been done anyway, regardless of the fact that corrupt payments had been offered or given.

Also, if you find that defendant DUNN gave, offered or agreed to give the thing of value with the intent to reward Walters for a decision already made, it does not matter that the payment was not given or offered until after the business or transaction occurred.

In addition, the defendant and the agent need not state in express terms that the thing of value is being given to the agent with the intent that the agent be influenced or rewarded in connection with some business of the agency. Otherwise, the law's effect would be frustrated by knowing winks, nods and coded phrases. Rather, the intent to influence or reward may be established by circumstantial evidence, based upon the parties' words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the reasonable inferences that may be drawn from them.

## Fifth Element – Value of Transaction

The fifth element the government must prove beyond a reasonable doubt is that the value of the transaction to which the payment related was at least $5,000.

To establish this element, the government must prove that defendant DUNN intended to influence or reward Walters in connection with any transaction of HPD involving anything of value of $5,000 or more.

The government is not required to prove that the defendant paid or offered at least $5,000. It is the value of the business or transaction that the bribe was intended to influence or reward that is important for the purposes of this element.

This $5,000 threshold can be reached by determining how much the transactions in question were worth to HPD, or to DUNN, or to Walters. For instance, if the value of the contract in issue was worth $5,000 or more to DUNN or to HPD, or if the value of the bribe was $5,000 or more, then this is evidence that the value of the business was worth $5,000 or more.

## COUNT ELEVEN: EXTORTION

COUNT ELEVEN charges defendant STEVENSON DUNN with obstructing interstate commerce through the use of extortion, in violation of Section 1951(a) of Title 18 of the United States Code.

Specifically, COUNT ELEVEN charges as follows:

In or about and between January 2007 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, and attempt to do so, in that the defendant and others obtained and attempted to obtain property, to wit: cash payments, from GEORGE ARMSTRONG, with his consent, which consent was, and was to be, induced by wrongful use of actual and threatened force, violence and fear.

Section 1951 states, in pertinent part,

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts . . . or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be [guilty of a crime]. . . .

The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

In order to meet its burden of proving that defendant DUNN committed extortion, the government must establish beyond a reasonable doubt each of the following elements:

**First**, that the defendant wrongfully obtained the property of another;

**Second**, that the defendant obtained this property with the victim's consent, but that this consent was compelled by the wrongful use or threat of force, violence or fear; and

**Third**, that as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

## First Element – Personal Property

The first element that the government must prove beyond a reasonable doubt is that the defendant wrongfully obtained or took the personal property of George Armstrong, or from the presence of George Armstrong.

The term "property" includes money. It is a crime to obtain even validly owed payments through violence, force or fear.

## <u>Second Element – Obtaining Property Through Wrongful Use of Force, Violence or Fear</u>

The second element the government must prove beyond a reasonable doubt is that defendant DUNN wrongfully took this property by actual or threatened force, violence, or fear of injury or economic harm, whether immediately or in the future.

In considering whether the defendant used, or threatened to use force, violence or fear, you should give these words their common and ordinary meaning, and understand them as you normally would. The use or threat of violence does not have to be directed at the person whose property was taken. The use or threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury. A threat may be made verbally or by a physical gesture. Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

The conduct or statements of the defendant must be such as would make a reasonable person fearful. The existence of fear must be determined by the facts existing at the time of the defendant's actions. Your decision whether the defendant used or threatened fear of injury involves a decision about the victim's state of mind. Therefore, the victim's fear must have been reasonable.

You may also consider the relationship between the defendant and the alleged victim in deciding whether the element of fear exists. However, a friendly relationship between the parties does not mean that you cannot find that fear exists.

## **Third Element – Affecting Interstate Commerce**

If you decide that defendant DUNN obtained George Armstrong's property, against his will, by the use or threat of force, violence or the fear of injury, you must then decide whether this action would have affected interstate commerce in any way or degree.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The defendant need not have intended or anticipated an effect on interstate commerce. You may find that the effect is a natural consequence of his actions. If you find that defendant DUNN intended to take certain actions, that is, he did the acts charged in the indictment in order to obtain property – and you find that those actions have either caused, or would probably cause, an effect on interstate commerce, then you may find the requirements of this element have been satisfied.

**ATTEMPT**

Finally, the government has charged COUNT ELEVEN, extortion, as both an attempt and a completed offense.

In order to prove the charge of attempting to commit a crime, the government must prove the following two elements beyond a reasonable doubt:

**First**, that the defendant intended to commit the crime charged; and

**Second**, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

63

Thus, you may find defendant DUNN guilty of extortion if you find, beyond a reasonable doubt, that the defendant intended to commit the crime and took a substantial step in order to bring about or accomplish that crime – even if the attempt did not succeed.

## AIDING AND ABETTING

Before turning to my instructions on the Racketeering Conspiracy Count, I want to explain to you that the government can prove the defendants guilty on many of the substantive, that is, the non-conspiracy, Counts – COUNTS THREE, FOUR, FIVE, SIX, SEVEN and NINE – either by proving that a particular defendant did the acts charged himself, or by proving that he aided and abetted another person.

The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Accordingly, even if the defendant you are considering did not personally do every act constituting an offense, you may find that he committed the offense if the government proves beyond a reasonable doubt that he aided and abetted the offense.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he personally committed it. The essence of aiding and abetting is the intentional and knowing participation in the unlawful act by furthering it in some way. I have defined knowingly and intentionally for you earlier, and I direct you to refer back to those instructions now.

To find that the defendant you are considering is an aider or abettor, you must find beyond a reasonable doubt that the government has proven that another person actually committed the crime with which the defendant is charged, and that the defendant you are considering aided or abetted that person in the commission of the offense.

In order to aid or abet another person to commit a crime, it is necessary that a defendant knowingly and intentionally associate himself in some way with the criminal venture, that he participate in it out of desire to make the crime succeed. That is, a defendant must have the specific intent of furthering the criminal offense through some action on his part.

65

The mere presence of a defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some stake, some interest, in the outcome of the criminal venture. That stake or interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

In other words, if one, fully aware of what he is doing, plays a significant role in facilitating a transaction prohibited by law, he is equally guilty with the person who directly performs the illegal acts, even though the latter played a much greater or major part in the perpetration of the crime.

To determine whether the defendant you are considering aided and abetted the commission of the crime charged, ask yourselves these questions:

**First**: Did he participate in the crime charged as something he wished to bring about?

**Second**: Did he associate himself with the criminal venture knowingly and intentionally?

**Third**: Did he seek by his action to make the criminal venture succeed?

66

If he did all three of these things, then the defendant is an aider and abettor and therefore responsible for the act and guilty of the offense charged just as if he had committed the act or offense himself. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor under Section 2(a).

## COUNT ONE: RACKETEERING CONSPIRACY

I now turn to COUNT ONE of the Indictment, which charges defendant STEVENSON DUNN with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act (RICO). COUNT ONE of the Indictment reads as follows:

> In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, being persons employed by and associated with HPD, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

> The pattern of racketeering activity through which the defendant STEVENSON DUNN, together with others, agreed to conduct the affairs of the enterprise consisted of Racketeering Acts . . . set forth below. DUNN agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

The Indictment then lists eight racketeering acts which are alleged in this case. I will discuss these individual acts in just a moment. First, let me explain the basic elements of the crime charged in this Count.

Section 1962(d) of Title 18 of the United States Code makes it a crime to conspire to violate subsection (c) of Section 1962, which reads as follows:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . .

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven. The term is only a term used by Congress to define the offense.

In order to convict defendant DUNN on Count One, the government must prove beyond a reasonable doubt each of the following elements:

**First**, that the enterprise alleged in the Indictment existed;

**Second**, that the enterprise was engaged in, or its activities affected interstate commerce;

**Third**, that the defendant was knowingly associated with or employed by that enterprise; and

**Fourth**, that the defendant knowingly and willfully became a member of the conspiracy – that is to say, that he knowingly and willfully conspired with at least one other person to participate, directly or indirectly, in the conduct of the affairs of that enterprise through a "pattern of racketeering activity" as I will define that term for you.

## First Element – The Enterprise

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the Indictment. An enterprise can be any legal entity, including a partnership, corporation, association or local governmental agency.

A quick point here. "Enterprise" is a technical legal term. The government argues here that the New York City Department of Housing Preservation and Development is the enterprise that you should find meets the element of "Enterprise" in the charges. It is just a coincidence that there is in this case a banking or lending entity called Enterprise Community Loan Fund.

**Second Element – Effect on Interstate Commerce**

The second element that the government must prove beyond a reasonable doubt is that the enterprise alleged here, HPD, either engaged in or its activities affected interstate commerce, that is, commerce between one state and another. Interstate commerce includes the movement of goods, services, money or individuals between states. To satisfy this element, the government need not prove that the defendant intended or knew then that his actions would affect interstate commerce. The government also need not prove that the effect on interstate commerce was significant. A minimal effect is sufficient.

The government also need not prove that the racketeering activity affected interstate commerce, although proof that it did so is sufficient to satisfy this element. And, it is not necessary to prove that the defendant affected interstate commerce as long as the acts of the enterprise had such effect.

**Third Element – Association with or Employment by the Enterprise**

The third element that the government must prove beyond a reasonable doubt is that defendant DUNN was associated with or employed by the enterprise.

It is not required that the defendant have been associated with the enterprise for the entire time that the enterprise existed. It *is* required, however, that the government prove, beyond a reasonable doubt, that at *some* time during the period indicated in the Indictment, the defendant was associated with the enterprise.

A person cannot be associated with an enterprise if he does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this element, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

## Fourth Element – Membership in the Conspiracy and Participation in the Conduct of the Enterprise Through a Pattern of Racketeering Activity

If you find that an enterprise existed and that defendant DUNN was associated with it, the fourth element that the government must prove beyond a reasonable doubt is that the defendant agreed to participate unlawfully, intentionally, and knowingly (as I have previously defined those terms) in the conduct of the affairs of the racketeering enterprise through a pattern of specified racketeering activities.

A "pattern" of racketeering activity consists of at least two specified racketeering acts that, rather than being isolated, are related in the sense of having the same or similar purposes, results, participants, victims, or methods of commission, and that pose a threat of continued racketeering activity in that they were committed as part of the enterprise's ongoing criminal purposes.

Since COUNT ONE is a conspiracy charge, the government need not prove that any racketeering acts were actually committed. It must prove that DUNN agreed that a conspirator would commit at least two of the racketeering acts specified in the Indictment for the purpose of participating in the conduct of the affairs of the enterprise.

The government is not required to prove that the defendant had an agreement with every other conspirator, or that he knew every other conspirator, or that he had full knowledge of all the details of the conspiracy.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that the defendant agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

Although more than two such acts are charged, the government must prove beyond a reasonable doubt only that the defendant agreed with at least one other co-conspirator that at least two racketeering acts would be committed by a member of the conspiracy in the conduct of the affairs of the enterprise. The jury however must be unanimous as to at least two of the racketeering acts charged. That is, for example, it would not be sufficient if six jurors found two of the acts were part of the conspiracy and six of you found only that two different acts were part of it.

**The Racketeering Acts**

The Indictment alleges eight racketeering acts as part of the conspiracy. With one exception, the racketeering acts that are charged are the same as the criminal acts charged in the other counts of the Indictment. I have already instructed you on the elements of each of the following acts, and for each of these, you should follow my previous instructions regarding the applicable law and apply those instructions here:

Racketeering Act One is Mail Fraud with regard to kickback payments from Bogdan Starzecki. I refer you back to the instructions on COUNT THREE.

Racketeering Acts Two and Three charge Wire Fraud with regard to kickback payments received from Bogdan Starzecki. I refer you back to the instructions on COUNTS FOUR and FIVE.

Racketeering Acts Four and Five charge Wire Fraud with regard to kickback payments from George Armstrong. I refer you back to my instructions on COUNTS SIX and SEVEN.

Racketeering Act Six charges Unlawful Monetary Transactions Over $10,000 and Conspiracy. I direct you to review my instructions on COUNTS EIGHT and NINE.

Racketeering Act Eight charges Extortion. I refer you back to my instruction on COUNT ELEVEN of the Indictment.

I will now address the one Racketeering Act charged, Number Seven, which I have not described before.

## Racketeering Act Seven – State Law Bribery

Racketeering Act Seven charges defendant DUNN with the New York State crime of bribery. The Indictment charges as follows:

> In or about and between January 2007 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally confer, and offer and agree to confer, one or more benefits, to wit: cash payments, upon a public servant, to wit: WENDELL WALTERS, upon an agreement and understanding that such public servant's vote, opinion, judgment, action, decision and exercise of discretion as a public servant will thereby be influenced, in violation of New York Penal Law Section 200.00.

> Section 200.00 of the New York Penal Law provides as follows:

> A person is guilty of bribery in the third degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.

**First Element – Benefit**

A "benefit" means any gain or advantage to the beneficiary.

**Second Element – Public Servant**

The second element that the government must prove beyond reasonable doubt is that, at the time the benefit was offered, agreed upon or conferred, the person who was to receive that benefit was then a public servant. A "public servant" means either any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state.

**Third Element – Agreement or Understanding**

Finally, the third element of state bribery is that there was an agreement or understanding that the public servant's vote, opinion, judgment, action, decision, or exercise of discretion as a public servant would be influenced by the benefit. This element would be satisfied even if the public servant did not have the power or authority to perform the act or omission for which the alleged benefit was given.

**Attempts**

The government has charged the following racketeering acts as both attempts and completed offenses.

Racketeering Act Six, which charges engaging in an unlawful monetary transaction over $10,000; and

Racketeering Act Eight, which charges extortion.

I refer you back to my instructions about Attempts under COUNT ELEVEN, extortion.

## DELIBERATIONS

I will now give you some guidance for use in your deliberations.

## WITNESS TESTIMONY

In a criminal case, a defendant cannot be required to testify, but in this case defendant DUNN and defendant HYMOWITZ have chosen to do so. You are to evaluate their testimony in the same manner that you evaluate the testimony of the other witnesses.

You are the sole judges of the credibility or believability of the witnesses and the weight their testimony deserves. You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence which tend to indicate whether a witness is worthy of belief. Your determination of the issue of credibility very largely must depend upon the impression that a witness makes upon you as to whether or not he or she is telling the truth or giving you an accurate version of what occurred.

If you believe that a witness has given false testimony with respect to a material fact, you may disregard the entire testimony of the witness. You may however accept part of the testimony. Bear in mind, a witness may have been mistaken or may have lied as to part of the testimony, and yet be accurate and truthful as to other parts. The decision as to what to accept and what to reject is yours.

Consider each witness's motive and state of mind, possible partisanship in the case, and demeanor and manner while on the stand. Consider particularly the relationship each witness bears to either side of the case, the nature of that relationship, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The question really is, how did the witness impress you? Did the witness's version appear straightforward and candid or did the witness try to hide some of the facts? Is there a motive of any kind to testify falsely or truthfully or to shade the testimony offered? In other words, what you try to do, is to size the person up, just as you would do in any important matter when you are undertaking to determine whether or not a person is being truthful, candid, straightforward, or otherwise reliable.

That a witness may be employed as a law enforcement official or agent of the government does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. You should evaluate such testimony in the same manner as you would the testimony of any other witness.

## PRIOR INCONSISTENT STATEMENTS

You have heard evidence that witnesses made prior statements that counsel argues are inconsistent with the witnesses' trial testimony. If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe. You may consider the prior statement not as affirmative evidence of an issue in dispute, but only for the more limited purpose of helping you decide whether to believe the witness's trial testimony.

In making this determination, you may consider whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent.

## MR. DUNN'S PRIOR STATEMENTS REGARDING MR. HYMOWITZ AND MR. FREEMAN

You have heard questions posed to defendant DUNN about statements the government claims that he made prior to this trial regarding the involvement of defendant HYMOWITZ and defendant FREEMAN.  I instruct you that you may consider the statements, if you find that they were made by DUNN, only for two purposes.  First, you may consider them as to DUNN's culpability.  Second, you may consider them as to the credibility of DUNN's trial testimony.

You may NOT consider them in any way as against defendants HYMOWITZ or FREEMAN.

## WITNESS'S FELONY CONVICTION

You have heard that Bogdan Starzecki and Wendell Walters have pled guilty to crimes punishable by more than one year in jail, called felonies. These were put into evidence for you to consider in evaluating the witness's credibility. You may consider the fact that a witness has pled guilty to a felony in deciding how much of his testimony to accept and what weight, if any, it should be given.

## ADMISSION OF A DEFENDANT

There has been evidence that certain of the defendants made statements in which the government claims that they made admissions relevant to the charges in the indictment. In deciding what weight to give these statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

## CHARACTER WITNESSES

One of the defendants has called witnesses who have given their opinions of his character. The government has also called such a witness. The testimony of character witnesses is not to be taken by you as the witnesses' opinions as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all the evidence including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit a defendant merely because you believe him to be a person of good character.

## TESTIMONY OF ACCOMPLICES / COOPERATING WITNESSES

You have heard testimony from certain witnesses, Bogdan Starzecki and Wendell Walters, admitting their own involvement in criminal conduct, including some of the conduct charged in the Indictment. These witnesses have themselves pleaded guilty to charges relating to this case. You are to draw no inferences or conclusions of any kind about the guilt of the defendants on trial from the fact that prosecution witnesses pleaded guilty to similar or related charges. Each witness's decision to plead guilty was personal to his own guilt and that decision may not be used as evidence against the defendants on trial.

I have already given you general instructions about factors you should consider in evaluating the testimony of any witness. There has, however, been much said about these so-called accomplice witnesses in the summations of counsel. Thus, I wish to give you further instructions relevant to your evaluation of their testimony.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to reveal criminal behavior by others. For that very reason, the law allows the use of accomplice testimony. Indeed, the testimony of an accomplice may be enough, by itself, to support a conviction, if the jury finds that the believable testimony establishes guilt beyond a reasonable doubt.

Because of the very nature of accomplice testimony, it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. You should, for example, ask yourselves whether an accomplice witness would benefit more by lying or by telling the truth.

In this case, you have heard that the accomplice witnesses entered into written agreements with the government that provided, in part, for them to give testimony in this case. The government agreed to reduce the charges and/or not to pursue other charges in exchange for each witness's agreement to plead guilty and testify at trial. The government also agreed to bring any substantial assistance provided by a witness to the attention of the Court for consideration at sentencing.

The government is permitted to enter into such agreements. I caution you that it is no concern of yours why the government made an agreement with particular witnesses or whether you approve or disapprove of the government's decision. The issue for you is whether the agreement affects the witness's credibility. A witness who testifies pursuant to such an agreement does have an interest in this case different from an ordinary witness. This is why you must carefully scrutinize whether the testimony of such a witness was made up in any way because the witness believed or hoped that he would receive favorable treatment by testifying falsely. Or, ask yourselves, did the witness believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause the witness to tell the truth? Did this motivation color the witness's testimony?

A witness's understanding of his agreement and his expectations under that agreement may be more important to your assessment of his credibility than the actual terms of the agreement. Thus, I permitted examination of the cooperating witnesses regarding their expectations with respect to their sentence in light of their agreements with the government.

In this connection, you heard testimony about what has been referred to as a 5K1.1 motion or letter from the government asking the Court to sentence the witness below the Sentencing Guidelines. These Guidelines are advisory guidelines which the Court must consider. If the prosecutor writes a letter to the Court, stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime, the Court is empowered to impose a lower sentence than that called for under the Guidelines. The Court may also, on its own, even in the absence of a letter from the government, consider whether a witness's cooperation with the government, or other factors, warrant a lower sentence than would otherwise be imposed. Whether or not the government asks the Court to reduce the witness's sentence based upon his cooperation, the final determination as to the sentence to be imposed and whether to consider the witness's cooperation rests with the Court.

As with any witness, the issue of credibility need not be decided in an all or nothing fashion. If you find a witness testified falsely in one part you may still accept his or her testimony in other respects, or, you may disregard all of it. It is up to you.

I have now reached the final phase of these instructions.

## JUROR'S RECOLLECTION GOVERNS

Your recollection of the evidence governs. Nobody else's. Not mine — if I have made reference to the evidence — and not counsel's recollection. It is <u>your</u> recollection that must govern during your deliberations. If necessary during those deliberations, you may request a reading from the trial transcript to refresh your recollection. Please, as best you can, try to be as specific as possible in your requests for read backs; in other words, if you are interested only in a particular part of a witness's testimony, please so indicate. It may take some time for us to locate the portion in the transcript, so please be patient.

You may also request that exhibits be sent to you in the jury room. If you do request exhibits, do not write on them. We will provide you with all the paper you need.

As a general matter, if there is ever a delay in responding to a jury note, please understand there is a reason for it. None of us goes anywhere. As soon as a jury note is delivered to the Court by the Marshal, we turn our attention to it immediately.

If you have any questions about the applicable law and you want a further explanation from me, send me a note.

Let me make a suggestion regarding notes. Let one person write it, and someone else read it out loud, so that you will know that the note is legible and there will be no misunderstanding about what you want.

## NOTES TAKEN BY JURORS

I also want to remind you of my instructions when I permitted you to take notes during the trial.

As I told you, your notes are not to substitute for your recollection of the evidence and a juror's notes are to be used solely by that juror. Remember, you can request that the official transcript be read to you. Most importantly, that some of you took notes and some did not does not entitle the views of those who took notes to any greater weight than the views of those who did not.

## NO INVESTIGATION

In reaching a decision, you are to rely solely on the testimony of the witnesses and the physical evidence introduced into evidence at trial. You are not to do any investigation on your own. Do not do any "research" such as consulting dictionaries or the internet.

## DELIBERATIONS

You are entitled to your own opinions but you should exchange views with the other jurors and listen carefully to each other. Do not hesitate to change your opinion if you are convinced that another opinion is correct. But each of you must make your own decision.

## JURY CHARGE

In a few minutes, I will supply you with several copies of my instructions. Keep in mind that you should consider the instructions as a whole. Each part of these instructions is important in your deliberations. And do not let my giving you my instructions in writing discourage you from requesting further instructions or clarification.

## UNANIMOUS VERDICT

Any verdict you reach must be unanimous. That is, you must all agree as to whether your verdict on a specific count as to a specific defendant is guilty or not guilty.

FOREPERSON

In order that your deliberations may proceed in an orderly fashion, you should have a foreperson. Traditionally, Juror Number One acts as foreperson. Of course, her vote is entitled to no greater weight than that of any other juror.


VERDICT SHEETS

When you retire to the jury room, you will be given a separate verdict sheet for each defendant, which will be self-explanatory. When you are ready to report your verdicts, the foreperson should check each one carefully so that it accurately reflects the jury's verdicts, and bring it to the courtroom when summoned. The foreperson will be asked to read the verdict sheets in response to questions from the Court. In addition, I will then ask each juror whether the verdicts read are their own.

## COMMUNICATION WITH COURT

If you wish during your deliberations to communicate with the Court, for any reason, send me a note through the Marshal. No member of the jury should ever attempt to communicate with me by any means other than a writing; and I will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing, or, more likely than not, orally here in open court.

## NO DISCUSSION

You will not discuss this case with anyone outside the jury room. And that includes the other jurors. You will only discuss the case when all 12 deliberating jurors are together, in the jury room, with no one else present, behind the closed door. At no other time is there to be any discussion about the merits of the case. Period.

## NOT TO REVEAL STATUS

Bear in mind also that you are not to reveal to any person — not even me — how the jury stands numerically on the question of whether the defendants are guilty or not guilty, until after you have reached unanimous verdicts. At that time, you should simply send me a note saying, "We have reached our verdicts." You will be summoned to the courtroom and I will take the verdicts.

## OATH

Your oath sums up your duty — and that is, without fear or favor to any person, you will well and truly try the issues before these parties according to the evidence given to you in court, and the laws of the United States.

## END OF JURY CHARGE.