JEFFREY COHN

Attorney at Law

212 East 57th Street Suite 16A

New York, New York 10022

646-201-5202

jcohnlaw@gmail.com

BY ECF
The Honorable Joan M. Azrack
U.S. District Judge
Eastern District of New York

March 23, 2026

   Re: *United States v. Adam Kaplan*, 23 Cr. 293 (JMA)

Dear Judge Azrack:

   At Adam Kaplan's request, I write to convey his position in response to Cohen & Gresser LLP's ("C&G") motion to withdraw as counsel filed on March 6, 2026.[1]

   Mr. Kaplan recognizes that whether C&G should be permitted to withdraw is a matter within the Court's discretion. If the Court is inclined to permit withdrawal, Mr. Kaplan respectfully requests that any substitution of counsel occur in an orderly and efficient manner, on a reasonable timeline, and without prejudice to any position he may later take, at the appropriate time and in the proper forum, concerning the data-security incident or C&G's representation.

   Mr. Kaplan disputes any suggestion that he created adversity or conflict with C&G by seeking information concerning the data-security incident referenced in prior submissions, retaining counsel for the limited purpose of understanding that issue, or preserving his rights in connection with it.

   Mr. Kaplan learned in the second half of January 2026 that a data breach had occurred at C&G in late October 2025 during his trial. He was informed that privileged work product and other trial-related case files were accessed by an unauthorized third party. He accordingly sought information necessary to understand the incident and its implications, including the timing and scope of the breach, the totality of materials implicated, whether information was copied, altered, or deleted, the identity of the unauthorized third party, and the nature and results of the firm's investigation. From Mr. Kaplan's perspective, the information provided to date has not been

---

[1] My representation of Mr. Kaplan remains limited to assisting him in obtaining and understanding information concerning the C&G data breach and related issues.

sufficiently complete or transparent to allow him to understand the incident and its potential consequences.

Mr. Kaplan did not intend to create adversity with C&G and does not agree that his efforts to obtain information concerning the data breach did so. Since September 11, 2024, Mr. Kaplan has been incarcerated at MDC Brooklyn, where his access to counsel is necessarily limited. Mr. Kaplan retained my firm in good faith for the narrow purpose of assisting him in obtaining and understanding the information he had requested from C&G but never received. He never accused C&G of any wrongdoing. As previously conveyed to the Court, Mr. Kaplan wished C&G to continue working on post-trial motions, for which C&G had been paid in advance, and did not disavow an engagement letter he signed for sentencing.

Mr. Kaplan had no advance notice of C&G's intent to move to withdraw or of the grounds asserted in its March 6 submission. Nor did C&G raise with him any concerns about his limited retention of my firm in advance of the retention or since, or attempt to address any perceived disagreements. Since February 27, aside from a surprise visit by two C&G associates at the MDC on the evening of March 6 for the sole purpose of handing him the withdrawal motion, Mr. Kaplan has had no communications from C&G despite repeated efforts to contact the firm.

Mr. Kaplan is concerned that C&G's public filing alleges adversity between attorney and client and leaves the impression that he was responsible for undisclosed "fundamental disagreements" or otherwise created the present situation. He disputes those suggestions. Mr. Kaplan was not informed of any such disagreements, and he was aware of none, particularly in light of C&G's recent agreement to represent him at sentencing. With respect to the sentencing engagement, Mr. Kaplan was not informed of any asserted noncompliance by him and is aware of none.

From Mr. Kaplan's perspective, the circumstances surrounding the data breach, the timing and manner of disclosure, C&G's decision to move to withdraw without advance notice or any effort to address the concerns later asserted in its motion, and its sudden cessation of communication with him, without explanation, have been significant and distressing. He did not seek to create this situation.

C&G asserts that its public filing did not disclose information that is either "embarrassing or detrimental." Mr. Kaplan disagrees. From his perspective, the motion to withdraw and the manner in which it was filed have been both distressing and harmful. He is therefore concerned that C&G's *ex parte* submission may go further still, without affording him an opportunity to respond. To the extent any further submission in support of withdrawal includes factual assertions materially affecting Mr. Kaplan's position or conduct, he respectfully requests access to the *ex parte* filing.

If the Court determines that withdrawal is appropriate, Mr. Kaplan respectfully requests an orderly and efficient substitution of counsel that protects his interests and preserves his ability, at a later time and in an appropriate forum, to raise any issues relating to the data breach, the timing and nature of the disclosures concerning it, or the circumstances surrounding C&G's representation and withdrawal. To that end, if C&G's motion to withdraw is granted, Mr. Kaplan requests until April 30, 2026 to retain substitute counsel.

Respectfully submitted,

Jeffrey Cohn

copy/   All counsel by ECF